In the Matter of TIMES-UNION OF THE CAPITAL NEWSPAPER DIVISION OF THE HEARST CORPORATION et al., Petitioners, v JOSEPH HARRIS, as Judge of the County Court of Albany County, et al., Respondents.

Third Department, December 13, 1979

### APPEARANCES OF COUNSEL

*O'Connell & Aronowitz, P. C. (Peter L. Danziger* of counsel), for petitioners.

*Robert Lyman, County Attorney (William J. Conboy* of counsel), for Joseph Harris, respondent.

*Sol Greenberg, District Attorney (George H. Barber* of counsel), respondent, *pro se.*

### OPINION OF THE COURT

*Per Curiam.*

█ Firstly, we note that the respondents objected to the lack of capacity of the petitioners, originally named "Times Union of the Capitol Newspaper Group and Shirley Armstrong". In petitioners' reply to the answer, they seek leave to amend the caption to read "Times Union of the Capitol Division of the Hearst Corporation and Shirley Armstrong". Since the objection to the caption is unrelated to the substantive issues and no prejudice will result, we grant leave to amend (CPLR 3025, subd [b]; 3026).

The petitioners, or one of them, were alerted on or about October 8, 1979 by an unidentified source that an arraignment of a criminal defendant was about to take place, in secret, so as to avoid press coverage and the publicity almost certain to follow. The petitioner Armstrong proceeded to the Albany County Courthouse where she and other members of the press observed a trial that was in progress and other proceedings of interest. Later that day while at the courthouse, she was informed by her source that the secret arraignment had been postponed because of the presence of the press. Early on the following day the source revealed that the defendant, who was to be secretly arraigned, had been brought to the courthouse from the Albany County jail. The petitioner went to the courthouse at 9:30 A.M. where she remained until noon when she left for lunch. Upon her return, she learned that the

secret arraignment had been completed, whereupon she made inquiry of the respondent Judge HARRIS as to what had occurred. After unsuccessfully attempting to get the petitioner to reveal her source of information, according to the petitioner, Judge HARRIS advised her that an arraignment had been held in secret and the indictment sealed because of his belief that any publicity would necessarily be prejudicial to the defendant who was about to go to trial on a previously obtained indictment; Judge HARRIS further advised that, as soon as the danger of prejudice had dissipated, he would furnish her with full details of the arraignment.

It appears that the defendant involved had been previously indicted and had been incarcerated in the Albany County jail since sometime in February, 1979. His trial on that indictment was scheduled to commence on October 10, 1979 when another indictment naming the defendant was handed down. Fearful that public disclosure of the second indictment in such close proximity to the commencement of his trial on the first indictment might immeasurably prejudice his client, defendant's counsel moved privately for closure of the arraignment proceedings. The District Attorney joined in the motion and respondent Judge HARRIS granted closure. Arraignment was held in secret with only the essential court personnel present. Petitioners commenced this proceeding by an order to show cause seeking a judgment declaring the arraignment and the sealing of the indictment and the transcript unconstitutional, illegal and invalid and ordering Judge HARRIS to immediately make the transcript of the secret arraignment available to the petitioners and the public.

■ Preliminarily we note that mootness should not prevent our review in a case of this nature and status for the reasons set forth so ably in *Gannett Co. v De Pasquale* (443 US 368, 377, affg 43 NY2d 370, 376).

Whether the unusual procedures adopted here by the respondent Judge HARRIS were premeditated, as petitioners infer, or coincidentally occurred when representatives of the press had left the building is of little matter, nor do we in any way impune the motives of Judge HARRIS since it clearly appears that he proceeded as he did solely for the purpose of insuring the defendant a fair trial. However, we cannot condone or acquiesce in the course he followed no matter how meritorious his purpose. While the petitioners, in our view, have failed to establish a case for the exercise of a constitu-

tional right of access to all arraignments, nonetheless, they present a strong and convincing argument for unrestrained access absent a clear showing of genuinely compelling circumstances supportive of their exclusion.

The absolute necessity for an open judicial system in a free society cannot be overemphasized. Ample recognition of this principle is found in *Matter of Oliver* (333 US 257) and, more recently, in *Gannett Co. v De Pasquale (supra).* By the same token, the right of an individual defendant, as well as the public's right to have a fair trial, uninfected by prejudice, cannot be cavalierly brushed aside, for the defendant, whose very liberty is in jeopardy, is constitutionally entitled to a fair trial in a fair tribunal (US Const, 6th Amdt; *Matter of Murchison,* 349 US 133, 136; *People v McLaughlin,* 150 NY 365, 375). Thus, these two essential ingredients of our criminal justice system must be balanced and each preserved to the fullest extent possible. This obligation, through the grant of broad discretion to the Trial Judge, thrusts upon him the awesome responsibility to insure the proper balancing and reconciliation of these competing interests. In *Gannett Co. v De Pasquale (supra)* certain helpful guidelines were provided and more recently our Court of Appeals, in *Matter of Westchester Rockland Newspapers v Leggett* (48 NY2d 430), spoke to the resolution of the problems encountered in trying to balance these interests in similar proceedings and, in *obiter dicta,* referred expressly to arraignment proceedings with the observation that there would be little justification for holding a private arraignment. Certainly none is to be found in the case at bar for the reason that other less harsh alternatives to closure were apparently available which, if pursued, would have permitted both a trial untinged by prejudice and an arraignment in open court. Either a brief adjournment of the arraignment until the trial had been completed or a brief adjournment until a jury had been selected and then sequestered would have so provided. We reject the respondent's unsupported assertion that either such procedure would have interfered with the defendant's right to a speedy trial, as no showing is made that the applicable time limitations of CPL 30.30 were about to expire or that the defendant would not waive time limitations. While in *Matter of Westchester Rockland Newspapers v Leggett (supra)* Judge WACHTLER points out that the suggestion that sequestration may serve as an alternative to closure is impractical when a

pretrial proceeding is involved, in the case at bar we are confronted not with a pretrial proceeding, but rather, with arraignment on another charge and with a very brief time span. Moreover, jurors were available and no pretrial rulings were necessary so that the practical difficulties he foresaw were not present. Finally, every motion for closure must be made in open court and proceed in harmony with the guidelines set forth in *Westchester Rockland (supra).*

This conclusion would ordinarily lead to a vacatur of the order closing the courtroom and resealing the indictment, with remittal to the County Court for further proceedings. As noted above, however, the matter has become moot and the relief requested would serve no purpose.

The petition should be dismissed solely for that reason, without costs.

MAHONEY, P. J., SWEENEY, KANE, MAIN and HERLIHY, JJ., concur.

Petition dismissed, without costs.