■ JANET YOON, an Infant, by Her Father and Natural Guardian, BYUNG HO YOON, et al., Plaintiffs, v F.W. WOOLWORTH CO., Defendant and Third-Party Plaintiff-Respondent, WESTINGHOUSE ELECTRIC CORPORATION, Doing Business as WESTINGHOUSE ELEVATOR COMPANY, Appellant, et al., Defendant. SEUNG JOON NAM, Third-Party Defendant. [609 NYS2d 260] —In an action to recover damages for personal injuries, etc., the defendant Westinghouse Electric Corporation d/b/a Westinghouse Elevator Company appeals, as limited by its brief, (1) from so much of an order of the Supreme Court, Queens County (DiTucci, J.), dated March 25, 1992, as, upon reargument, adhered to a determination in an order of the same court dated November 13, 1991, which denied its motion for a protective order vacating a notice of discovery and inspection by the respondent F.W. Woolworth Co., dated August 13, 1991, seeking all records of similar claims concerning the appellant's type "L" escalator for the one-year period subsequent to the accident which is the subject of the action, and (2) from so

much of an order of the same court, dated May 28, 1992, as, upon reargument, adhered to a determination in an order of the same court dated November 13, 1991, which denied its motion for a protective order vacating a notice of discovery and inspection by F.W. Woolworth Co., dated July 29, 1991, seeking all records of similar claims concerning the appellant's type "L" escalator for a three-year period prior to the accident which is the subject of the action.

Ordered that the order dated March 25, 1992, is reversed insofar as appealed from, on the law, the order dated November 13, 1991, which denied the motion by Westinghouse Electric Corporation d/b/a Westinghouse Elevator Company for a protective order vacating the August 13, 1991, notice of discovery and inspection is vacated, and the motion is granted; and it is further,

Ordered that the order dated May 28, 1992, is reversed insofar as appealed from, on the law, and the order dated November 13, 1991, which denied the motion by Westinghouse Electric Corporation d/b/a Westinghouse Elevator Company for a protective order vacating the July 29, 1991, notice of discovery and inspection is vacated, and the motion is granted; and it is further,

Ordered that the appellant is awarded one bill of costs.

The plaintiff Janet Yoon was injured while descending upon an escalator in a department store owned by the respondent F.W. Woolworth Co. (hereinafter Woolworth), located in Queens. Westinghouse Elevator Company (hereinafter Westinghouse) installed and serviced the escalator. The complaint alleges, *inter alia,* that Woolworth and Westinghouse were negligent in failing to properly install, service, maintain, repair, operate, and control the escalator. Woolworth cross-claimed against Westinghouse asserting, *inter alia,* contribution and breach of contract.

Woolworth served Westinghouse with two notices of discovery and inspection seeking records of prior and subsequent claims of accidents on the type of escalator on which the plaintiff was injured. Records of prior and subsequent accidents at the place in question are discoverable to establish that a particular condition was dangerous *(see, Klatz v Armor El. Co.,* 93 AD2d 633, 637, 638). Here, however, Woolworth is not seeking records of accidents at the place in question. In addition, since no design defect was alleged, these records are irrelevant to prove a dangerous condition or notice *(see, Kolody v Supermarkets Gen. Corp.,* 163 AD2d 276, 277). Thus, the

records are not material and necessary to the prosecution or defense of this action and are not discoverable *(see,* CPLR 3101). Thompson, J. P., Santucci, Krausman and Florio, JJ., concur.