■ JOHN J. McGUIRE, Appellant, v MARCO D. ZARLENGO et al., Defendants, and FRANCIS C. GOLIER, Respondent. [673 NYS2d 200] —In an action to recover damages for medical malpractice, the plaintiff appeals (1) from so much of an order of the Supreme Court, Westchester County (Bellantoni, J.), dated June 13, 1997, as denied that branch of his motion which was to compel responses to certain questions posed at the deposition of the defendant Francis C. Golier, M.D., and (2), as limited by his brief, from so much of an order of the same court dated September 18, 1997, as, upon granting reargument, adhered to the prior determination.

Ordered that the appeal from the order dated June 13, 1997, is dismissed, as that order was superseded by the order dated September 18, 1997, made upon reargument; and it is further,

Ordered that on the Court's own motion, the notice of appeal from the order dated September 18, 1997, is deemed an application for leave to appeal (CPLR 5701 [c]), and leave to appeal from the order dated September 18, 1997, is granted; and it is further,

Ordered that the order dated September 18, 1997, is modified by deleting the provision thereof which adhered to the prior determination denying the motion and substituting therefor a provision granting that branch of the motion which was to compel the defendant Francis C. Golier, M.D., to answer questions posed at his deposition concerning (a) whether certain medical conditions of the decedent which existed in 1987 presented a surgical risk for the open reduction and internal fixation of the fracture of her right ankle in December 1991, and (b) whether in 1991 it was good and accepted medical practice to explore the causes of any deviations in an electrocardiogram of a patient who was a candidate for open reduction and internal fixation of the right ankle; as so modified, the order entered September 19, 1997, is affirmed insofar as appealed from, without costs or disbursements.

824

No appeal lies as of right from an order denying what was, in effect, an application for a ruling directing a witness to respond to questions posed during the course of a deposition (*see, e.g., Mann v Alvarez,* 242 AD2d 318; *King v Salvation Army,* 240 AD2d 473; *Salmon v RCP Assocs.,* 243 AD2d 314; *Smith v Konica Bus. Machs.,* 232 AD2d 398; *Huggins v New York City Tr. Auth.,* 225 AD2d 732). This Court may treat the plaintiff's notice of appeal from such an order as an application for leave to appeal from that order, and grant leave to appeal (*see, e.g., Rockwood Natl. Corp. v Peat, Marwick, Mitchell & Co.,* 59 AD2d 573; *Conch Assocs. v Mercury, Inc.,* 245 AD2d 538; *Allstate Fin. Corp. v Access Bag N Pack,* 245 AD2d 325; *Rosenblat v Seidman,* 243 AD2d 699; *Matter of Santemma v Chasco Co.,* 242 AD2d 273).

At an examination before trial, the defendant Francis C. Golier, M.D., a cardiologist, was asked whether certain cardiac conditions which existed in 1987 when the plaintiff's decedent was discharged from Montefiore Hospital presented a surgical risk for the open reduction and internal fixation of a fracture of the decedent's right ankle, surgery which was performed in December 1991 and is the subject of the instant action. Dr. Golier was also asked if, in 1991, it was good and accepted medical practice to explore the causes of any deviations in an electrocardiogram of a patient such as the decedent, who was a candidate for open reduction and internal fixation of the right ankle. The questions bear on the plaintiff's allegations that Dr. Golier failed to properly caution his codefendant physicians concerning the risks involved in the surgery (*see, Forgays v Merola,* 222 AD2d 1088; *Glass v Rochester Gen. Hosp.,* 74 AD2d 732; *Harley v Cathedral Med. Ctr.,* 57 AD2d 827; *Johnson v New York City Health & Hosps. Corp.,* 49 AD2d 234), and the witness should have been directed to respond to questions in those areas. Bracken, J. P., Copertino, Santucci, Florio and McGinity, JJ., concur.