▪ Jesus Velez et al., Respondents, v South Nine Realty Corp. et al., Appellants. [822 NYS2d 86]—

In an action, inter alia, to recover damages for personal injuries, etc., the defendants appeal, as limited by their brief, from so much of an order of the Supreme Court, Kings County (Kramer, J.), dated July 8, 2005, as denied their motion, among other things, pursuant to CPLR 2221 (a) to vacate those portions of an order of the same court (Ruditzky, J.), dated December 13, 2004, which directed that the defendants Steven Weill and Icik Meizlik appear for depositions, directed the defendants to provide the plaintiffs with various documents and to permit the plaintiffs to inspect portions of the subject building, and for a protective order with respect to the plaintiffs' discovery demands, and granted those branches of the plaintiffs' cross motion which were to preclude them from introducing any evidence at trial unless they fully complied with the preliminary conference order within 10 days, to direct them to produce the documents requested in the plaintiffs' notice of discovery and inspection dated January 20, 2005, and for leave to amend the complaint to substitute Gloria Mercado as the guardian of the infant plaintiffs.

Ordered that the order is modified, on the law, by (1) deleting the provision thereof denying that branch of the motion which was to vacate the preliminary conference order dated December

13, 2004, and substituting therefor a provision granting that branch of the motion to the extent of vacating so much of the preliminary conference order as directed the defendants to provide discovery concerning apartments 2K and 4H of the subject premises and information regarding the subject premises since the date the plaintiffs moved out of their apartment in 1994, and otherwise denying that branch of the motion, (2) deleting the provision thereof denying that branch of the motion which was for a protective order with respect to the plaintiffs' discovery demands and substituting therefor a provision granting that branch of the motion to the extent of granting a protective order with respect to the plaintiffs' discovery demands concerning apartments 2K and 4H of the subject premises, information regarding the subject premises since the date the plaintiffs moved out of their apartment in 1994, and "[e]ach record of prior claims for damages by children in the subject building," and otherwise denying that branch of the motion, (3) deleting the provision thereof granting that branch of the cross motion which was to preclude the defendants from introducing any evidence at trial to the extent of directing the defendants to comply with the preliminary conference order and substituting therefor a provision granting that branch of the cross motion to the extent of directing the defendants to comply with the preliminary conference order except for the provisions directing the defendants to provide discovery concerning apartments 2K and 4H of the subject premises since the date the plaintiffs moved out of their apartment in 1994, and (4) deleting the provision thereof granting that branch of the cross motion which was to direct the defendants to produce the documents requested in the plaintiffs' notice of discovery and inspection dated January 20, 2005, and substituting therefor a provision directing the defendants to produce the documents requested in the notice of discovery and inspection dated January 20, 2005, except for the demands concerning apartments 2K and 4H of the subject premises, information regarding the subject premises since the date the plaintiffs moved out of their apartment in 1994, and "[e]ach record of prior claims for damages by children in the subject building"; as so modified, the order is affirmed insofar as appealed from, without costs or disbursements.

The Supreme Court providently exercised its discretion in permitting further discovery after the note of issue had been vacated (*see James v MTA-Long Is. Bus Co.,* 8 AD3d 236 [2004]; *Reitman v St. Francis Hosp.,* 2 AD3d 429 [2003]). However, the Supreme Court should have vacated those portions of the preliminary conference order which directed the defendants to pro-

duce discovery concerning apartments 2K and 4H of the subject building, and information regarding the subject building since the date the infant plaintiffs moved out of their apartment in 1994. This information was irrelevant to the cause of action alleging exposure to lead-based paint during the plaintiffs' residency in apartment 4D (*see Butt v New York Med. Coll.,* 7 AD3d 744 [2004]; *Young v Tierney,* 271 AD2d 603 [2000]). We note the receipt of a letter withdrawing the plaintiffs' opposition with regard to such discovery.

Likewise, the Supreme Court should have granted the defendants a protective order with respect to those portions of the notice of discovery and inspection which sought discovery concerning apartments 2K and 4H of the subject building, information regarding the subject building since the date the infant plaintiffs moved out of their apartment in 1994, and "[e]ach record of prior claims for damages by children in the subject building." Although the defendants failed to challenge the plaintiffs' notice of discovery and inspection within the time prescribed, those portions of the notice were palpably improper as they were overly broad and irrelevant (*see Harris v City of New York,* 211 AD2d 663, 664-665 [1995]).

The Supreme Court properly granted that branch of the cross motion which was for leave to amend the complaint to substitute Gloria Mercado, the biological mother of the infant plaintiffs, as their guardian (*see generally Schuler v Grand Metro Bldg. Corp.,* 118 AD2d 633 [1986]; *Matter of Times-Union of Capitol Newspaper Div. of Hearst Corp. v Harris,* 71 AD2d 333 [1979]).

The defendants' remaining contentions are without merit. Schmidt, J.P., Mastro, Spolzino and Covello, JJ., concur.