■ GILMAN & CIOCIA, INC., Appellant, v DAVID WALSH et al., Respondents. [845 NYS2d 124]—

In an action, inter alia, to recover damages for breach of contract, the plaintiff appeals, as limited by its brief, from so much of an order of the Supreme Court, Dutchess County (Pagones, J.), dated December 21, 2006, as denied that branch of its motion which was to compel the defendants to respond to certain discovery demands and granted that branch of the defendants' cross-motion which was for a protective order as to those demands.

Ordered that the order is affirmed insofar as appealed from, with costs.

CPLR 3101 (a) requires, in pertinent part, "full disclosure of all matter material and necessary in the prosecution or defense of an action." However, the principle of "full disclosure" does not give a party the right to uncontrolled and unfettered disclosure, and the trial courts have "broad power to regulate discovery to prevent abuse" (*Barouh Eaton Allen Corp. v International Bus. Machs. Corp.,* 76 AD2d 873, 874 [1980]).

It is well settled that "[t]he supervision of disclosure and the setting of reasonable terms and conditions therefor rests within the sound discretion of the trial court and, absent an improvident exercise of that discretion, its determination will not be disturbed" (*Mattocks v White Motor Corp.,* 258 AD2d 628, 629 [1999]; *see Kaplan v Herbstein,* 175 AD2d 200 [1991]). Here, the plaintiff's document demands at issue were palpably improper in that they sought, inter alia, irrelevant and/or confidential information, or were overbroad and burdensome. Accordingly, the Supreme Court providently exercised its discretion in denying that branch of the plaintiff's motion which was to compel the defendants to respond to the contested discovery demands and in granting that branch of the defendants' cross motion which was for a protective order with respect to the contested demands (*see Astudillo v St. Francis-Beacon Extended Care Facility, Inc.,* 12 AD3d 469 [2004]). Santucci, J.P., Goldstein, Dillon and Angiolillo, JJ., concur.