■ JFK Family Ltd. Partnership et al., Appellants, v Millbrae Natural Gas Development Fund 2005, L.P., et al., Respondents. [920 NYS2d 708]—

In an action, inter alia, to recover damages for breach of contract, the plaintiffs appeal (1) from so much of an order of the Supreme Court, Westchester County (Scheinkman, J.), entered April 14, 2010, as amended, upon consent, by an order of the same court dated May 13, 2010, as denied those branches of their motion, in effect, pursuant to CPLR 3124 which were to compel the defendants to disclose certain documentary evidence and granted those branches of the defendants' cross motion which were for a protective and confidentiality order as to certain evidence sought through discovery, (2) from so much of an order of the same court dated June 22, 2010, as, upon granting their motion to conduct nonparty depositions, limited the subject matter of the questions allowed, and (3) from so much of an order of the same court dated August 5, 2010, as denied their application to compel the defendants Robert E. King, Stewart Reid, and Charles Boyce to respond to certain inquiries made during their depositions.

Ordered that on the Court's own motion, the notice of appeal from the order dated August 5, 2010, is deemed to be an application for leave to appeal (see CPLR 5701 [c]), and leave to appeal from that order is granted; and it is further,

Ordered that the order entered April 14, 2010, as amended, upon consent, by the order dated May 13, 2010, and the orders dated June 22, 2010, and August 5, 2010, are affirmed insofar as appealed from; and it is further,

Ordered that one bill of costs is awarded to the defendants.

No appeal lies as of right from an order denying an application to direct a witness to respond to questions posed during the course of a deposition (see McGuire v Zarlengo, 250 AD2d 823, 824 [1998]; Mann v Alvarez, 242 AD2d 318, 320 [1997]). However, this Court may deem the plaintiffs' notice of appeal from such an order to be an application for leave to appeal, and grant leave to appeal (see McGuire v Zarlengo, 250 AD2d at 824; Mann v Alvarez, 242 AD2d at 320), and we do so here.

CPLR 3101 (a) requires, in pertinent part, "full disclosure of all matter material and necessary in the prosecution or defense of an action." Generally, CPLR 3101 is to be construed liberally in favor of disclosure, so long as the information sought meets the test of "usefulness and reason" (Allen v Crowell-Collier Publ. Co., 21 NY2d 403, 406, 406-407 [1968]; see Scalone v

*Phelps Mem. Hosp. Ctr.*, 184 AD2d 65, 69-70 [1992]). However, the principle of "full disclosure" does not give a party the right to uncontrolled and unfettered disclosure (*see Gilman & Ciocia, Inc. v Walsh*, 45 AD3d 531 [2007]). Moreover, the Supreme Court has broad discretion over the supervision of disclosure, and its determination will not be disturbed absent an improvident exercise of that discretion (*Spodek v Neiss*, 70 AD3d 810 [2010]; *Reilly Green Mtn. Platform Tennis v Cortese*, 59 AD3d 694, 695 [2009]; *Cabellero v City of New York*, 48 AD3d 727, 728 [2008]; *Gilman & Ciocia, Inc. v Walsh*, 45 AD3d at 531). Under the circumstances of this case, the Supreme Court's denial of those branches of the plaintiffs' motion, in effect, pursuant to CPLR 3124 which were to compel the defendants to disclose certain documentary evidence and its grant of those branches of the defendants' cross motion which were for a protective and confidentiality order as to certain evidence sought through discovery, were provident exercises of its discretion.

The plaintiffs' remaining contentions, including those referable to their application to compel deposition witnesses to respond to certain questions, are without merit. Covello, J.P., Angiolillo, Dickerson and Roman, JJ., concur.