■ ACCENT COLLECTIONS, INC., Appellant, v CAPPELLI ENTER-PRISES, INC., et al., Respondents. [924 NYS2d 545]—

In an action to recover amounts allegedly due for building maintenance and cleaning services, the plaintiff appeals, as limited by its brief, from so much of an order of the Supreme Court, Westchester County (Lefkowitz, J.), entered April 21, 2010, as denied those branches of its motion which were to (1) compel the defendants to produce responses to certain discovery demands, (2) deem any interposed objections waived as untimely, (3) award the plaintiff costs and attorneys' fees, and (4) deem the issues resolved in its favor and/or strike the defendants' second amended answer.

Ordered that the order is affirmed insofar as appealed from, with costs.

CPLR 3101 (a) provides that "[t]here shall be full disclosure of all matter material and necessary in the prosecution or defense of an action, regardless of the burden of proof." The phrase "material and necessary" should be interpreted liberally, and the test is one of "usefulness and reason" (*Kooper v Kooper*, 74 AD3d 6, 10 [2010] [internal quotation marks omitted]). Unlimited disclosure, however, is not required (*see Spohn-Konen v Town of Brookhaven*, 74 AD3d 1049 [2010]; *Palermo Mason Constr. v Aark Holding Corp.*, 300 AD2d 460 [2002]), and the rules provide that the court may issue a protective order "denying, limiting, conditioning or regulating the use of any disclosure device" to "prevent unreasonable annoyance, expense, embarrassment, disadvantage, or other prejudice to any person or the courts" (CPLR 3103 [a]).

Generally, the supervision of disclosure is left to the broad discretion of the trial court, which must balance the parties' competing interests (*see Kooper v Kooper*, 74 AD3d at 17; *Palermo Mason Constr. v Aark Holding Corp.*, 300 AD2d 460 [2002]). On appeal, "this Court has the authority to review a discovery order to determine whether the trial court has abused its discretion as a matter of law, or in the absence of abuse, has exercised its discretion improvidently" (*Kooper v Kooper*, 74 AD3d at 17).

A motion to compel responses to demands and interrogatories is properly denied where the demands and interrogatories seek information which is irrelevant, overly broad, or burdensome (*see Merkos L'Inyonei Chinuch, Inc. v Sharf*, 59 AD3d 408 [2009]; *Gilman & Ciocia, Inc. v Walsh*, 45 AD3d 531 [2007]; *Paradis v F.L. Smithe Mach. Co., Inc.*, 25 AD3d 594 [2006]).

While the failure of a party to challenge the propriety of a notice for discovery and inspection within the time prescribed by the CPLR forecloses inquiry into the propriety of the information sought, there is an exception with regard to requests that are palpably improper (*see Otto v Triangle Aviation Servs.*, 258 AD2d 448 [1999]; *see also During v City of New Rochelle, N.Y.*, 55 AD3d 533 [2008]; *Velez v South Nine Realty Corp.*, 32 AD3d 1017 [2006]; *Cipriano v Righter*, 100 AD2d 923 [1984]).

Here, the Supreme Court providently exercised its discretion in denying those branches of the plaintiff's motion which were to compel the defendants to produce responsive documents and information in response to the plaintiff's interrogatories one through five and demands one through four, and in denying that branch of the motion which sought an order deeming the defendants' objections waived, as the demands and interrogatories at issue were palpably improper, because they sought irrelevant information, or were overbroad and/or burdensome (*see Merkos L'Inyonei Chinuch, Inc. v Sharf*, 59 AD3d 408 [2009]; *Gilman & Ciocia, Inc. v Walsh*, 45 AD3d 531 [2007]; *Velez v South Nine Realty Corp.*, 32 AD3d 1017 [2006]; *Otto v Triangle Aviation Servs.*, 258 AD2d 448 [1999]).

The Supreme Court providently denied that branch of the plaintiff's motion which sought costs and attorneys' fees, as the plaintiff failed to demonstrate that the defendants' conduct was frivolous (*see* 22 NYCRR 130-1.1 [c]), and also providently denied those branches of the motion which were to deem the issues resolved in favor of the plaintiff and/or strike the defendants' second amended answer, since there was no showing that the defendant's conduct was willful and contumacious (*see Nieves v City of New York*, 35 AD3d 557 [2006]; *Brandes v North Shore Univ. Hosp.*, 22 AD3d 778 [2005]; *Jenkins v City of New York*, 13 AD3d 342 [2004]; *Fellin v Sahgal*, 268 AD2d 456 [2000]).

The plaintiff's remaining contentions are without merit. Dillon, J.P., Balkin, Eng and Roman, JJ., concur.