(October 3, 2012)

AAA VASCULAR CARE, PLLC, Appellant, v INTEGRATED HEALTHCARE MANAGEMENT, LLC, Respondent. [952 NYS2d 203]—

CPLR 3101 (a) provides, in pertinent part, that "[t]here shall be full disclosure of all matter material and necessary in the prosecution or defense of an action." The principle of "full disclosure," however, does not give a party the right to uncontrolled and unfettered disclosure (*JFK Family Ltd. Partnership v Millbrae Natural Gas Dev. Fund 2005, L.P.*, 83 AD3d 899, 900 [2011] [internal quotation marks omitted]; *see Gilman & Ciocia, Inc. v Walsh*, 45 AD3d 531 [2007]). "Generally, the supervision of disclosure is left to the broad discretion of the trial court, which must balance the parties' competing interests" (*Accent Collections, Inc. v Cappelli Enters., Inc.*, 84 AD3d 1283, 1283 [2011]). The determination of the trial court will not be disturbed absent an improvident exercise of discretion (*see Spodek v Neiss*, 70 AD3d 810 [2010]).

In this action, the plaintiff sought, in its first cause of action, "the immediate turnover to it and possession of all its records in the custody of the defendant." Under the circumstances of this case, the Supreme Court providently exercised its discre-

tion by, in effect, denying that branch of the plaintiff's motion which was pursuant to CPLR 3124, in effect, to compel the defendant to comply with item numbers one through five of its document request dated February 25, 2011, by producing the database maintained by the defendant, since requiring production of the database would be granting the ultimate relief sought in the plaintiff's first cause of action (*see Macklowe v 42nd St. Dev. Corp.*, 157 AD2d 566, 567 [1990]). The Supreme Court also providently exercised its discretion in granting that branch of the defendant's cross motion which was for a protective order with respect to item numbers eight and nine of the plaintiff's second document request dated June 3, 2011, on the ground that those requests were redundant (*see Kimmel v Paul, Weiss, Rifkind, Wharton & Garrison*, 214 AD2d 453 [1995]).

The appeal from the order dated October 27, 2011, must be dismissed, as the portion of the order appealed from that found that the defendant had complied with the order entered September 27, 2011, is a finding of fact, which is not independently appealable (*see Glassman v ProHealth Ambulatory Surgery Ctr., Inc.*, 96 AD3d 801, 801 [2012]).

The plaintiff's remaining contentions either are without merit, are raised for the first time on appeal, or have been rendered academic in light of our determination. Dillon, J.P., Belen, Austin and Sgroi, JJ., concur.