In an action to recover damages for personal injuries, etc., the plaintiffs appeal from a resettled order of the Supreme Court, Suffolk County (Gazzillo, J.), dated September 27, 2011, which granted the motion of the defendant CVS Pharmacy, Inc., for a protective order with respect to certain discovery demands.
Ordered that the resettled order is affirmed, with costs.
CPLR 3101 (a) provides that “[t]here shall be full disclosure *843 of all matter material and necessary in the prosecution or defense of an action, regardless of the burden of proof.” However, “unlimited disclosure is not mandated, and the rules provide that the court may issue a protective order ‘denying, limiting, conditioning or regulating the use of any disclosure device’ to ‘prevent unreasonable annoyance, expense, embarrassment, disadvantage, or other prejudice to any person or the courts’ ” (County of Suffolk v Long Is. Power Auth., 100 AD3d 944, 946 [2012], quoting CPLR 3103 [a]; see Accent Collections, Inc. v Cappelli Enters., Inc., 84 AD3d 1283 [2011]). “The supervision of disclosure and the setting of reasonable terms and conditions therefor rests witfdn the sound discretion of the trial court and, absent an improvident exercise of that discretion, its determination will not be disturbed” (Mattocks v White Motor Corp., 258 AD2d 628, 629 [1999] [citation omitted]; see Gilman & Ciocia, Inc. v Walsh, 45 AD3d 531 [2007]).
Here, the plaintiffs’ discovery demands at issue were palpably improper in that they sought, inter alia, irrelevant information, or were overbroad and burdensome. Accordingly, the Supreme Court providently exercised its discretion in granting the motion of the defendant CVS Pharmacy, Inc., for a protective order with respect to the subject discovery demands (see Gilman & Ciocia, Inc. v Walsh, 45 AD3d at 531; Astudillo v St. Francis-Beacon Extended Care Facility, Inc., 12 AD3d 469, 470 [2004]). Rivera, J.P., Leventhal, Hall and Roman, JJ., concur.