*891 In an action, inter alia, to recover damages for fraud, tortious interference with contract, and a violation of General Business Law § 349, the defendants appeal, as limited by their brief, from so much of an order of the Supreme Court, Nassau County (Brandveen, J.), entered August 20, 2012, as denied those branches of their motion which were pursuant to CPLR 3103 (a) for a protective order limiting the scope of discovery to 54 identified customers and 17 identified brokers and striking the plaintiffs notice to admit.
Ordered that the order is modified, on the facts and in the exercise of discretion, (1) by deleting the provision thereof denying that branch of the defendants’ motion which was for a protective order striking document request number five from the plaintiffs demand for discovery and inspection dated February 10, 2012, and substituting therefor a provision granting that branch of the motion, and (2) by deleting the provision thereof denying that branch of the defendants’ motion which was for a protective order striking the plaintiffs notice to admit, and substituting therefor a provision granting that branch of the motion; as so modified, the order is affirmed insofar as appealed from, without costs or disbursements.
CPLR 3101 (a) provides that “[t]here shall be full disclosure of all matter material and necessary in the prosecution or defense of an action, regardless of the burden of proof.” However, “unlimited disclosure is not mandated, and the rules provide that the court may issue a protective order ‘denying, limiting, conditioning or regulating the use of any disclosure device’ to ‘prevent unreasonable annoyance, expense, embarrassment, disadvantage, or other prejudice to any person or the courts’ ” (County of Suffolk v Long Is. Power Auth., 100 AD3d 944, 946 [2012], quoting CPLR 3103 [a]; see Accent Collections, Inc. v Cappelli Enters., Inc., 84 AD3d 1283 [2011]). “The supervision of disclosure and the setting of reasonable terms and conditions therefor rests within the sound discretion of the trial court and, absent an improvident exercise of that discretion, its determination will not be disturbed” (Montalvo v CVS Pharm., Inc., 102 AD3d 842, 843 [2013] [internal quotation marks omitted]; see Gilman & Ciocia, Inc. v Walsh, 45 AD3d 531 [2007]).
In the instant action, among other things, to recover damages for fraud, tortious interference with contract, and a violation of General Business Law § 349, the plaintiff alleged that the defendants Halcyon Jet Holdings, Inc., and Halcyon Jets, Inc. (hereinafter together the Halcyon defendants), improperly *892 acquired all of the plaintiffs brokers and customers by fraudulent and deceptive means during a failed merger of the plaintiff and the Halcyon defendants. The plaintiff served a demand for discovery and inspection which sought several categories of items, including documents regarding all of the Halcyon defendants’ customers, brokers, revenues, and negotiations with other businesses concerning mergers and/or acquisitions during a period encompassing 2007 through 2011. In a motion for a protective order, the defendants sought, among other things, to limit the plaintiff’s discovery to documents concerning 54 specific customers and 17 specific brokers.
The Supreme Court providently exercised its discretion in rejecting the defendants’ contention that discovery should be limited to the specified customers and brokers, since that would have improperly limited the plaintiffs discovery to only one of its several causes of action. Most of the plaintiffs demands were proper in that the documents requested were “material and necessary” in the prosecution of the action (CPLR 3101 [a]). However, request number five in the plaintiff’s demand for discovery and inspection, which sought “all books and records” of the Halcyon defendants for the years 2007 through 2011, was overbroad, in that it included books and records not material or relevant to the issues in this action (see Allen v Crowell-Collier Publ. Co., 21 NY2d 403, 406 [1968]; Francis v Securitas Sec. Servs. USA, Inc./Burns Intl. Sec. Servs. Corp., 102 AD3d 739, 740 [2013]; Elie v City of New York, 92 AD3d 716, 718 [2012]). Accordingly, the Supreme Court should have granted that branch of the defendants’ motion which was for a protective order striking request number five in the plaintiffs demand.
CPLR 3123 provides, in relevant part, that “a party may serve upon any other party a written request for admission by the latter ... of the truth of any matters of fact set forth in the request, as to which the party requesting the admission reasonably believes there can be no substantial dispute at the trial and which are within the knowledge of such other party or can be ascertained by him upon reasonable inquiry” (CPLR 3123 [a]). “The purpose of a notice to admit is only to eliminate from the issues in litigation matters which will not be in dispute at trial. It is not intended to cover ultimate conclusions, which can only be made after a full and complete trial” (Ramcharran v New York Airport Servs., LLC, 108 AD3d 610, 610 [2013] [internal quotation marks omitted]). A notice to admit is not to be used as a “substitute for existing discovery devices” (Singh v G & A Mounting & Die Cutting, 292 AD2d 516, 516 [2002] [internal quotation marks omitted]; see Ramcharran v New York Airport Servs., LLC, 108 AD3d at 611).
*893 Here, the admissions sought by the plaintiff in the notice to admit improperly included matters in dispute which went to the heart of the controversy (see Priceless Custom Homes, Inc. v O’Neill, 104 AD3d 664, 664-665 [2013]; Nacherlilla v Prospect Park Alliance, Inc., 88 AD3d 770, 772 [2011]; Meadowbrook-Richman, Inc. v Cicchiello, 273 AD2d 6 [2000]). Moreover, the information sought by the plaintiff in the notice to admit may be obtained through document discovery. As the plaintiff conceded, the notice to admit was prompted by the defendants’ refusal to respond to other discovery requests, and might have been withdrawn had the defendants complied with the plaintiff s demand for discovery and inspection. Accordingly, the Supreme Court should have granted that branch of the defendants’ motion which was for a protective order striking the plaintiffs notice to admit (see Ramcharran v New York Airport Servs., LLC, 108 AD3d at 611). Dillon, J.E, Angiolillo, Dickerson and Cohen, JJ., concur.