In an action to recover damages for personal injuries, etc., the plaintiffs appeal from so much of an order of the Supreme Court, Kings County (Ash, J.), dated October 5, 2012, as denied that branch of their motion which was pursuant to CPLR 3124 to compel the defendant Verizon New York, Inc., to respond to their notice for discovery and inspection of material spanning a period of 10 years prior to the date of the subject accident.
Ordered that the order is affirmed insofar as appealed from, with costs.
CPLR 3101 (a) provides that “[t]here shall be full disclosure of all matter material and necessary in the prosecution or defense of an action, regardless of the burden of proof.” However, unlimited disclosure is not mandated, and the court may deny, limit, condition, or regulate the use of any disclosure device to prevent unreasonable annoyance, expense, embarrassment, disadvantage, or other prejudice to any person or the courts (see CPLR 3103 [a]; Montalvo v CVS Pharm., Inc., 102 AD3d 842, 843 [2013]; County of Suffolk v Long Is. Power Auth., 100 AD3d 944, 946 [2012]; Accent Collections, Inc. v Cappelli Enters., Inc., 84 AD3d 1283 [2011]). “The supervision of disclosure and the setting of reasonable terms and conditions therefor rests within the sound discretion of the trial court and, *778 absent an improvident exercise of that discretion, its determination will not be disturbed” (Mattocks v White Motor Corp., 258 AD2d 628, 629 [1999] [citation omitted]; see Jet One Group, Inc. v Halcyon Jet Holdings, Inc., 111 AD3d 890, 891 [2013]; Gilman & Ciocia, Inc. v Walsh, 45 AD3d 531 [2007]).
The plaintiffs’ notice for discovery and inspection was palpably improper in that it sought, inter alia, irrelevant information, or was overbroad and burdensome. Accordingly, the Supreme Court providently exercised its discretion in denying that branch of the plaintiffs’ motion which was pursuant to CPLR 3124 to compel the defendant Verizon New York, Inc., to respond to their notice for discovery and inspection of material spanning a period of 10 years prior to the date of the subject accident (see Jones v LeFrance Leasing L.P., 81 AD3d 900, 903 [2011]; Hualde v Otis El. Co., 235 AD2d 269, 270 [1997]).
Mastro, J.P, Hall, Lott, Austin and Duffy, JJ., concur.