■ Quantum Corporate Funding, Ltd., Respondent-Appellant, v Richard I. Ellis et al., Appellants-Respondents. [6 NYS3d 255]—

In an action, inter alia, to recover damages for legal malpractice, (a) the defendant Cassin & Cassin, LLP, appeals from so much of an order of the Supreme Court, Nassau County (McCormack, J.), entered June 19, 2013, as denied those branches of its motion which were for summary judgment dismissing the first, third, and fifth causes of action, which were asserted against it, and found that the defendants were entitled to a setoff pursuant to General Obligations Law § 15-108 (a) in the amount of only $257,500, and granted that branch of the plaintiff's cross motion which was for summary judgment on the issue of liability on the first cause of action, (b) the defendant Richard I. Ellis separately appeals, as limited by his brief, from so much of the same order as denied those branches of his motion which were for summary judgment dismissing the second, fourth, sixth, and eighth causes of action, which were asserted against him, and found that the defendants were entitled to a setoff pursuant to General Obligations Law § 15-108 (a) in the amount of only $257,500, and granted that branch of the plaintiff's cross motion which was for summary judgment on the issue of liability on the second cause of action, and (c) the plaintiff cross-appeals, as limited by its brief, from so much of the same order as determined that it was not entitled to an award of an attorney's fee that had already been paid by a third party.

Ordered that the cross appeal is dismissed, without costs or disbursements; and it is further,

Ordered that the appeals from those portions of the order finding that the each of the defendants was entitled to a setoff pursuant to General Obligations Law § 15-108 (a) in the amount of only $257,500 are dismissed, without costs or disbursements; and it is further,

Ordered that the order is modified, on the law, by deleting the provision thereof granting those branches of the plaintiff's cross motion which were for summary judgment on the issue of liability on the first and second causes of action, which were asserted against the defendants Cassin & Cassin, LLP, and Richard I. Ellis, respectively, and substituting therefor a provision denying those branches of the cross motion; as so modified, the order is affirmed insofar as reviewed on the appeals, without costs or disbursements.

The plaintiff, Quantum Corporate Funding, Ltd., commenced this action against the defendants, Richard I. Ellis and Cassin & Cassin, LLP (hereinafter Cassin), to recover damages for, among other things, legal malpractice. The complaint alleged that the defendants represented the plaintiff in connection

with a loan transaction and that, due to the defendants' malpractice, the note that was given in exchange for the loan was rendered partially uncollectible.

Specifically, the complaint alleged that, in January 2007, nonparty Mardi Gras Celebrations, Inc. (hereinafter Mardi Gras), executed a promissory note in the principal sum of $505,000 in favor of nonparty TCRM Commercial Corp. (hereinafter TCRM), and that the note was contemporaneously assigned from TCRM to the plaintiff. The complaint further alleged that the note was to be secured by the joint personal guaranty (hereinafter the guaranty) of the nonparties Valerie Birkart (hereinafter Valerie) and Nina Birkart (hereinafter Nina). As a condition of the loan, Valerie and Nina were required to give a blanket mortgage on their respective real properties, which were both located in Sanibel, Florida. These mortgages were intended to secure both the note and the guaranty. Although Valerie's property was allegedly encumbered by a senior mortgage in the amount of $910,000, Nina's property was allegedly "free and clear of any liens." In addition, the complaint alleged that all shares of Mardi Gras were pledged to secure the guaranty, and that Mardi Gras would provide a senior security interest in all of its personal property assets.

The complaint alleged that, in November 2007, Mardi Gras defaulted on its obligations under the loan, and that both Valerie and Nina failed to comply with the terms of the guaranty and the mortgages despite due demand. In April 2008, Nina disaffirmed any liability on the ground that she had been less than 18 years old at the time she had signed the guaranty and, thus, lacked legal capacity to be bound by it. The complaint further alleged that, due to certain language in the deeds that had conveyed the real properties to Valerie and Nina, the titles to those properties were not marketable. Furthermore, the UCC financing statements perfecting the security interest in Mardi Gras's assets were not recorded, and the plaintiff never received the shares of stock of Mardi Gras that had been pledged to secure the note.

The complaint alleged that Ellis and Cassin had been retained to ensure that the loan transaction would be legal, valid, binding, and enforceable against Mardi Gras, Valerie, and Nina. The complaint further alleged that Ellis and Cassin were retained to ensure that the mortgages were enforceable and that the title to the real properties was marketable.

The complaint alleged 11 causes of action against Ellis and 6 causes of action against Cassin, sounding in legal malpractice

and breach of contract. The defendants separately moved for summary judgment dismissing the complaint insofar as asserted against each of them. In support of the motions, the defendants argued that they had no duty to inquire into Nina's age, and were permitted to assume her legal capacity to execute the guaranty. The defendants also asserted that the legal malpractice causes of action should be summarily dismissed because the plaintiff had already recovered an amount in excess of its damages pursuant to a settlement agreement reached with nonparties to this action.

The plaintiff opposed the defendants' motions, and cross-moved, among other things, for summary judgment on the issue of liability on the causes of action to recover damages for legal malpractice. In support of the cross motion, the plaintiff asserted that the defendants had a duty to verify Nina's legal capacity to execute the guaranty.

In an order dated June 11, 2013, the Supreme Court denied those branches of Cassin's motion which were for summary judgment dismissing the first, third, and fifth causes of action, which were to recover damages for legal malpractice asserted against it. The court also denied those branches of Ellis's motion which were for summary judgment dismissing the second, fourth, sixth, and eighth causes of action, which were to recover damages for legal malpractice asserted against him. In denying those branches of the defendants' respective motions, the court rejected the defendants' contentions that they had no duty to inquire as to Nina's age and were permitted to assume her legal capacity to execute the guaranty. In addition, the court found that the defendants' submissions in support of their motions established that they were each entitled to a set-off pursuant to General Obligations Law § 15-108 (a) in the amount of only $257,500. The court ultimately determined that the defendants failed to demonstrate that the plaintiff had already recovered an amount in excess of its damages, and, accordingly, it rejected the defendants' contention that they were entitled to summary judgment dismissing the complaint on that ground. The court granted those branches of the plaintiff's cross motion which were for summary judgment on the issue of liability on the first cause of action, which was asserted against Cassin, and on the second cause of action, which was asserted against Ellis.

On appeal, the defendants argue that the Supreme Court erred in granting those branches of the plaintiff's cross motion which were for summary judgment on the issue of liability on the first and second causes of action. Cassin additionally argues

that it was entitled to summary judgment dismissing the first cause of action on the ground that it had no duty to verify that Nina had the legal capacity to execute the guaranty.

Cassin and Ellis argue on appeal that the Supreme Court should have granted those branches of their separate motions which were for summary judgment dismissing various causes of action which were asserted against each of them, since the plaintiff already recovered an amount in excess of its damages pursuant to the settlement agreement. Cassin and Ellis contend that, even if the court properly determined that they failed to establish that the plaintiff already recovered an amount in excess of its damages, the court, in making that determination, nevertheless erred in finding that they were each entitled to a setoff pursuant to General Obligations Law § 15-108 (a) in the amount of only $257,500.

In an action to recover damages for legal malpractice, a plaintiff must demonstrate that the attorney failed to exercise the ordinary reasonable skill and knowledge commonly possessed by a member of the legal profession and that the attorney's breach of this duty proximately caused the plaintiff to sustain actual and ascertainable damages (*see Rudolf v Shayne, Dachs, Stanisci, Corker & Sauer*, 8 NY3d 438, 442 [2007]; *Parklex Assoc. v Flemming Zulack Williamson Zauderer, LLP*, 118 AD3d 968, 970 [2014]). To establish causation, the plaintiff must show that he or she would have prevailed in the underlying action or would not have incurred any damages, "but for the attorney's negligence" (*Parklex Assoc. v Flemming Zulack Williamson Zauderer, LLP*, 118 AD3d at 970; *see Rudolf v Shayne, Dachs, Stanisci, Corker & Sauer*, 8 NY3d at 442; *Bells v Foster*, 83 AD3d 876, 877 [2011]).

Here, the plaintiff failed to establish, prima facie, its entitlement to judgment as a matter of law on the first cause of action, which was asserted against Cassin, or on the second cause of action, which was asserted against Ellis. The plaintiff failed to demonstrate the amount it could or would have collected if the note, the guaranty, and mortgage had been enforceable against Nina (*see Jedlicka v Field*, 14 AD3d 596, 597 [2005]; *Evangelista v Slatt*, 295 AD2d 156, 156 [2002]; *McKenna v Forsyth & Forsyth*, 280 AD2d 79, 82-83 [2001]; *accord Kay v Bricker*, 485 So 2d 486, 487 [Fla Dist Ct App, 3d Dist 1986]; *Freeman v Rubin*, 318 So 2d 540, 543 [Fla Dist Ct App, 3d Dist 1975]). In addition, the plaintiff failed to demonstrate that it was unable to recover the amounts due under the note by other legal means available to it under the terms of the note and guaranty, or that it was unable to obtain equitable relief from

Nina even after she disaffirmed liability on the ground of legal incapacity (*see* Restatement [Second] of Contracts § 14, Comments *b*, *c*; *see also* Restatement of Restitution § 139). Since the plaintiff failed to demonstrate the extent to which it would have been unable to enforce the note and the guaranty after it was disavowed by Nina, and the precise extent to which it would have been able to recover had the note, the guaranty, and the mortgage been enforceable against her, the plaintiff failed to establish, prima facie, that any negligence on the part of Cassin or Ellis was a proximate cause of actual and ascertainable damages (*see Bells v Foster*, 83 AD3d 876, 877 [2011]; *Snolis v Clare*, 81 AD3d 923, 925 [2011]; *cf. Parklex Assoc. v Flemming Zulack Williamson Zauderer, LLP*, 118 AD3d 968, 970 [2014]). Accordingly, the Supreme Court should have denied those branches of the plaintiff's cross motion which were for summary judgment on the issue of liability on the first cause of action, which was asserted against Cassin, and on the second cause of action, which was asserted against Ellis.

The Supreme Court properly denied those branches of the defendants' separate motions which were for summary judgment dismissing various causes of action that were asserted against each of them. "To succeed on a motion for summary judgment, a defendant in a legal malpractice action must establish that the plaintiff is unable to prove at least one" of the essential elements of a legal malpractice cause of action (*Parklex Assoc. v Flemming Zulack Williamson Zauderer, LLP*, 118 AD3d at 970). It is a defendant's burden, when it is the party moving for summary judgment, to demonstrate affirmatively the merits of a defense, which cannot be sustained by pointing out gaps in the plaintiff's proof (*see Kempf v Magida*, 116 AD3d 736, 736-737 [2014]; *Alizio v Feldman*, 82 AD3d 804, 804 [2011]).

Contrary to Cassin's contention, it was not entitled to summary judgment dismissing the first cause of action, notwithstanding its contention that it owed no duty to verify that Nina had the legal capacity to execute the guaranty. Cassin's submissions included evidence that showed that, consistent with the allegations in the complaint, Cassin was retained to ensure that the loan transaction was legal, valid, binding, and enforceable. Accordingly, Cassin failed to eliminate all triable issues of fact as to the scope of its representation of the plaintiff and its concomitant duty in the underlying transaction (*see Marshel v Hochberg*, 37 AD3d 559, 559-560 [2007]; *see also Shaya B. Pac., LLC v Wilson, Elser, Moskowitz, Edelman &*

*Dicker, LLP*, 38 AD3d 34, 39 [2006]; *cf. AmBase Corp. v Davis Polk & Wardwell*, 8 NY3d 428, 429 [2007]).

Contrary to both of the defendants' contentions, they were not entitled to summary judgment dismissing the legal malpractice causes of action. The defendants failed to establish that the plaintiff recovered in excess of its actual and ascertainable damages by virtue of the settlement agreement it reached with certain of the nonparties that were involved in the underlying loan transaction. In addition, there is no merit to the defendants' contention that the actual amount that was loaned by the plaintiff was $444,400.03, and that $60,599.97 of the principal loan amount was withheld pursuant to an interest reserve agreement. The sum of $60,599.97 that was reserved by the plaintiff pursuant to the interest reserve agreement constitutes interest payments that were made by Valerie and Nina during the term of the loan, and did not serve to diminish the principal amount of the loan (*see generally Keybro Enters. v Four Seasons Country Club Caterers*, 25 AD2d 307, 311 [1966], *affd* 19 NY2d 912 [1967]). The defendants failed to establish, prima facie, that the plaintiff is unable to prove actual and ascertainable damages (*see generally Kempf v Magida*, 116 AD3d at 736-737; *Alizio v Feldman*, 82 AD3d at 804). Accordingly, the Supreme Court properly denied those branches of Cassin's motion which were for summary judgment dismissing the first, third, and fifth causes of action to recover damages for legal malpractice, which were asserted against it, and those branches of Ellis's motion which were for summary judgment dismissing the second, fourth, sixth, and eighth causes of action to recover damages for legal malpractice, which were asserted against him.

The defendants further contend that, even if they failed to demonstrate that the plaintiff already recovered in excess of its actual and ascertainable damages, the Supreme Court erred in finding that they were each entitled to a setoff pursuant to General Obligations Law § 15-108 (a) in the amount of only $257,500. However, "findings of fact and conclusions of law which do not grant or deny relief are not independently appealable" (*Glassman v ProHealth Ambulatory Surgery Ctr., Inc.*, 96 AD3d 801, 801 [2012]; *see Matter of Parisi*, 111 AD3d 941, 943 [2013]; *AAA Vascular Care, PLLC v Integrated Healthcare Mgt., LLC*, 99 AD3d 642, 643 [2012]). Accordingly, the appeals from those portions of the order which found that the defendants were each entitled to a setoff pursuant to General Obligations Law § 15-108 (a) in the amount of only $257,500, must be dismissed.

Similarly, the cross appeal must be dismissed, as the portion of the order cross-appealed from, which determined that the plaintiff was not entitled to an award of an attorney's fee that had already been paid by a third party, is a finding of fact, which is not independently appealable (*see AAA Vascular Care, PLLC v Integrated Healthcare Mgt., LLC*, 99 AD3d at 643; *Glassman v ProHealth Ambulatory Surgery Ctr., Inc.*, 96 AD3d at 801).

The parties' remaining contentions either are not properly before this Court, are without merit, or need not be reached in light of our determination. Rivera, J.P., Miller, Hinds-Radix and Duffy, JJ., concur.