■ GUILLERMO RAMIREZ, Respondent, v NEW YORK CITY TRANSIT AUTHORITY, Appellant. [17 NYS3d 176]—In an action to recover damages for personal injuries, the defendant appeals, as limited by its brief, from (1) so much of an order of the Supreme Court, Queens County (Schulman, J.), entered September 16, 2013, as granted that branch of the plaintiff's motion which was to compel discovery of an entire and unredacted inspection report dated October 17, 2007, and (2) so much of an order of the same court entered December 31, 2013, as denied that branch of its motion which was for a protective order pursuant to CPLR 3103 with respect to previously redacted portions of the October 17, 2007, inspection report.

Ordered that the order entered September 16, 2013, is reversed insofar as appealed from, on the facts and in the exercise of discretion, and that branch of the plaintiff's motion which was to compel discovery of the entire and unredacted inspection report dated October 17, 2007, is denied; and it is further,

Ordered that the order entered December 31, 2013, is reversed insofar as appealed from, on the facts and in the exercise of discretion, and that branch of the defendant's motion which was for a protective order pursuant to CPLR 3103 with respect to previously redacted portions of the October 17, 2007, inspection report is granted; and it is further,

Ordered that one bill of costs is awarded to the defendant.

CPLR 3101 (a) requires, in pertinent part, "full disclosure of all matter material and necessary in the prosecution or defense of an action." However, the principle of "full disclosure" does not give a party the right to uncontrolled and unfettered disclosure, and the trial courts have "broad power to regulate discovery to prevent abuse" (*Barouh Eaton Allen Corp. v International Bus. Machs. Corp.*, 76 AD2d 873, 874 [1980]; *see Gilman & Ciocia, Inc. v Walsh*, 45 AD3d 531 [2007]).

Here, the plaintiff sought, inter alia, to compel disclosure of a full and unredacted inspection report dated October 17, 2007. The defendant disclosed a redacted copy of that report during the discovery process, and the full unredacted report was submitted to the motion court for in camera review.

The Supreme Court improvidently exercised its discretion in directing the disclosure of the unredacted report and in denying that branch of the defendant's motion which was for a protective order prohibiting discovery of the redacted portions of that report. Under the circumstances presented, the redacted portions of the report are not material and necessary to the prosecution of the action (*see Diaz v City of New York*, 117 AD3d 777 [2014]; *Daniels v Fairfield Presidential Mgt. Corp.*, 43 AD3d 386, 388 [2007]; *Yoon v F.W. Woolworth Co.*, 202 AD2d 575 [1994]), and the defendant demonstrated that the request for the unredacted report was overbroad (*see Jet One Group, Inc. v Halcyon Jet Holdings, Inc.*, 111 AD3d 890, 892 [2013]; *Montalvo v CVS Pharm., Inc.*, 102 AD3d 842 [2013]; *Gilman & Ciocia, Inc. v Walsh*, 45 AD3d at 531). Further, the defendant's request for a protective order was not untimely under the circumstances of this case (*see* CPLR 3122 [a] [1]; *see generally Calbi v General Motors Corp.*, 204 AD2d 148 [1994]), and should have been granted. Mastro, J.P., Leventhal, Roman and Miller, JJ., concur.

---

Motion by the respondent on appeals from two orders of the Supreme Court, Queens County, entered September 16, 2013, and December 31, 2013, respectively, inter alia, to dismiss the appeal from the order entered September 16, 2013, on the ground that the appellant is not aggrieved thereby. By decision and order on motion dated June 13, 2014, this Court, inter alia, referred that branch of the respondent's motion which was to dismiss the appeal from the order entered September 16, 2013, to the panel of Justices hearing the appeal for determination upon the argument or submission thereof.

Upon the papers filed in support of the motion and the papers filed in opposition thereto, and upon the submission of the appeal, it is

Ordered that the branch of the respondent's motion which is to dismiss the appeal from the order entered September 16, 2013, is denied. Mastro, J.P., Leventhal, Roman and Miller, JJ., concur.