■ JPMorgan Chase Bank, National Association, Respondent, v Steven Levenson, Appellant, et al., Defendant. [53 NYS3d 150]—

In an action to foreclose a mortgage, the defendant Steven Levenson appeals from (1) an order of the Supreme Court,

Nassau County (Adams, J.), entered September 18, 2015, which denied his motion, inter alia, pursuant to CPLR 3124 to compel the plaintiff to respond to his first set of interrogatories, and (2) an order of the same court entered February 9, 2016, which denied that branch of his motion which was for leave to reargue his prior motion, inter alia, pursuant to CPLR 3124 to compel the plaintiff to respond to his first set of interrogatories and, in effect, denied that branch of his motion which was pursuant to CPLR 3124 to compel the plaintiff to respond to his second set of interrogatories.

Ordered that the appeal from so much of the order entered February 9, 2016, as denied that branch of the appellant's motion which was for leave to reargue is dismissed, as no appeal lies from an order denying reargument (see Fales v Fales, 102 AD3d 734 [2013]); and it is further,

Ordered that the order entered September 18, 2015, is affirmed; and it is further,

Ordered that the order entered February 9, 2016, is affirmed insofar as reviewed; and it is further,

Ordered that one bill of costs is awarded to the plaintiff.

CPLR 3101 (a) provides that "[t]here shall be full disclosure of all matter material and necessary in the prosecution or defense of an action." The principle of "full disclosure," however, does not give a party the right to uncontrolled and unfettered disclosure (see JFK Family Ltd. Partnership v Millbrae Natural Gas Dev. Fund 2005, L.P., 83 AD3d 899 [2011]; see AAA Vascular Care, PLLC v Integrated Healthcare Mgt., LLC, 99 AD3d 642 [2012]; Gilman & Ciocia, Inc. v Walsh, 45 AD3d 531 [2007]). In general, "the supervision of disclosure is left to the broad discretion of the trial court, which must balance the parties' competing interests" (Accent Collections, Inc. v Cappelli Enters., Inc., 84 AD3d 1283, 1283 [2011]; see Eremina v Scparta, 120 AD3d 616, 618 [2014]). A motion to compel responses to discovery demands and interrogatories is properly denied where the demands and interrogatories seek information that is irrelevant, overly broad, or burdensome (see Pesce v Fernandez, 144 AD3d 653, 655 [2016]; Accent Collections, Inc. v Cappelli Enters., Inc., 84 AD3d at 1283; Gilman & Ciocia, Inc. v Walsh, 45 AD3d at 531).

Here, the Supreme Court properly denied the motion of the defendant Steven Levenson (hereinafter the defendant) to compel the plaintiff to respond to his first set of interrogatories on the ground that he failed to submit an affirmation of good faith pursuant to 22 NYCRR 202.7 (a) (2) (see Congregation Beth Shalom of Kingsbay v Yaakov, 130 AD3d 769, 771 [2015];

*Perez v Stonehill*, 121 AD3d 960, 961 [2014]; *Matter of Greenfield v Board of Assessment Review for Town of Babylon*, 106 AD3d 908, 908 [2013]). The motion also was properly denied on the ground that the interrogatories were of an overbroad and burdensome nature (*see Matter of Greenfield v Board of Assessment Review for Town of Babylon*, 106 AD3d at 908; *Accent Collections, Inc. v Cappelli Enters., Inc.*, 84 AD3d at 1284).

The Supreme Court also properly denied that branch of the defendant's subsequent motion which was to compel the plaintiff to respond to his second set of interrogatories, as the plaintiff adequately responded to those interrogatories.

The defendant's remaining contentions are improperly raised for the first time on appeal. Leventhal, J.P., Cohen, LaSalle and Barros, JJ., concur.