Orange & Rockland Utils., Inc. v County of Rockland (2022 NY Slip Op 03523)





Orange & Rockland Utils., Inc. v County of Rockland


2022 NY Slip Op 03523


Decided on June 1, 2022


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 1, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

FRANCESCA E. CONNOLLY, J.P.
SHERI S. ROMAN
JOSEPH J. MALTESE
LINDA CHRISTOPHER, JJ.


2020-05440
 (Index No. 31457/17)

[*1]Orange & Rockland Utilities, Inc., plaintiff, 
v
County of Rockland, et al., respondents, Metra Industries, et al., appellants, et al., defendant.


King & King, LLP, Pelham, NY (Peter M. Kutil of counsel), for appellants.
West Group Law PLLC, White Plains, NY (Steven A. Torres and Jillian Jagling of counsel), for respondents.



DECISION & ORDER
In an action, inter alia, to recover damages for injury to property, the defendants Metra Industries, Inc., and Metra Delmar, Inc., appeal from an order of the Supreme Court, Rockland County (Robert M. Berliner, J.), dated June 10, 2020. The order, insofar as appealed from, denied those defendants' motion to compel the defendants County of Rockland and Rockland County Sewer District #1 to respond to certain discovery demands dated December 20, 2019, and granted that branch of the cross motion of the defendants County of Rockland and Rockland County Sewer District #1 which was for a protective order with respect to those discovery demands.
ORDERED that the order is affirmed insofar as appealed from, with costs.
CPLR 3101(a) requires, in pertinent part, "full disclosure of all matter material and necessary in the prosecution or defense of an action." "However, the principle of 'full disclosure' does not give a party the right to uncontrolled and unfettered disclosure, and the trial courts have 'broad power to regulate discovery to prevent abuse'" (Ramirez v New York City Tr. Auth., 132 AD3d 653, 654, quoting Barouh Eaton Allen Corp. v International Bus. Machs. Corp., 76 AD2d 873, 874). In general, "the supervision of disclosure is left to the broad discretion of the trial court, which must balance the parties' competing interests" (Accent Collections, Inc. v Cappelli Enters., Inc., 84 AD3d 1283, 1283).
"A motion to compel responses to . . . demands and interrogatories is properly denied where the demands and interrogatories seek information [which] is irrelevant, overly broad, or burdensome" (JPMorgan Chase Bank, N.A. v Levenson, 149 AD3d 1053, 1054; see Accent Collections, Inc. v Cappelli Enters., Inc., 84 AD3d at 1283). Furthermore, the court may issue a protective order "denying, limiting, conditioning or regulating the use of any disclosure device" to "prevent unreasonable annoyance, expense, embarrassment, disadvantage, or other prejudice to any person or the courts" (CPLR 3103[a]). Here, the Supreme Court providently exercised its discretion in denying the motion of the defendants Metra Industries, Inc., and Metra Delmar, Inc. (hereinafter together the Metra defendants), to compel the defendants County of Rockland and Rockland County Sewer District #1 (hereinafter together the County defendants) to respond to the Metra defendants' document demands and interrogatories dated December 20, 2019, and granting that branch of the [*2]County defendants' cross motion which was for a protective order with respect to those discovery demands (see JPMorgan Chase Bank, N.A. v Levenson, 149 AD3d 1053; Accent Collections, Inc. v Cappelli Enters., Inc., 84 AD3d 1283).
The Metra defendants' remaining contentions are without merit.
Accordingly, we affirm the order insofar as appealed from.
CONNOLLY, J.P., ROMAN, MALTESE and CHRISTOPHER, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court