■ WILLIAM RAMPERSANT, Respondent, v NATIONWIDE MUTUAL FIRE INSURANCE COMPANY, Appellant. [898 NYS2d 567]—

In an action to recover damages for breach of contract and violations of General Business Law § 349, the defendant appeals, as limited by its brief, (1) from so much of an order of the Supreme Court, Kings County (Spodek, J.), dated March 6, 2009, as granted its motion, inter alia, to vacate the note of issue only to the extent of directing the plaintiff to provide authorizations for the disclosure of his Wachovia Bank statements, credit card statements, and cellular phone records for the time period from January 1, 2006, through August 2006, and (2) from so much of an order of the same court dated May 4, 2009, as denied that branch of its motion which was to modify the order dated March 6, 2009, to extend the time period of disclosure to include August 1, 2005, through December 31, 2005.

Ordered that the order dated March 6, 2009, is affirmed insofar as appealed from; and it is further,

Ordered that the order dated May 4, 2009, is reversed insofar as appealed from, on the law, and that branch of the defendant's motion which was to modify the order dated March 6, 2009, by extending the time period of disclosure to include August 1, 2005, through December 31, 2005, is granted; and it is further,

Ordered that one bill of costs is awarded to the defendant.

The defendant moved pursuant to 22 NYCRR 202.21 (e), inter alia, to vacate the note of issue, contending that the plaintiff failed to comply with, among other things, certain demands for bank and credit card statements and authorizations for cellular phone records for the years 2005 and 2006. By order dated March 6, 2009, the Supreme Court granted the defendant's motion, inter alia, to vacate the note of issue only to the extent of directing the plaintiff to provide authorizations for the disclosure of his Wachovia Bank statements, credit card statements, and cellular phone records for the time period between January 1, 2006, and August 2006. The defendant subsequently moved, inter alia, to modify the order dated March 6, 2009, to extend the time period of disclosure to include August 1, 2005, through December 31, 2005. In support thereof, the defendant submitted the plaintiff's application for automobile insurance dated August 7, 2005, to demonstrate that the requested discovery was material and necessary to the defense of this action. The court denied that branch of the defendant's motion which was to modify the prior order.

The Supreme Court providently exercised its discretion in declining to vacate the note of issue, since it directed discovery to be completed by a date certain (*see Joseph v Propst*, 306 AD2d 246 [2003]; *Matter of Long Is. Light. Co. v Assessor of Town of Brookhaven*, 122 AD2d 794, 795 [1986]).

However, that branch of the defendant's motion which was to modify the order dated March 6, 2009, to extend the time period of disclosure to include August 1, 2005, through December 31, 2005, should have been granted. By submitting the plaintiff's application for insurance dated August 7, 2005, the defendant demonstrated that the disclosure sought for the time period between August 1, 2005, and December 31, 2005, was material and necessary to the defense of this action (*see* CPLR 3101 [a]; Insurance Law § 3105 [a]; *Cain v United Ins. Co.*, 232 SC 397, 401, 102 SE2d 360, 361 [1958]; *Barkan v New York Schools Ins. Reciprocal*, 65 AD3d 1061, 1064 [2009]; *Tannenbaum v Provident Mut. Life Ins. Co. of Phila.*, 53 AD2d 86 [1976], *affd* 41 NY2d 1087 [1977]). Rivera, J.P., Florio, Dickerson, Belen and Roman, JJ., concur.