■ CEZARA BIANCHI, Appellant, v GALSTER MANAGEMENT CORP. et al., Respondents. [15 NYS3d 189]—

In an action to recover damages for personal injuries, the plaintiff appeals, as limited by her brief, from so much of an order of the Supreme Court, Kings County (Bayne, J.), dated February 10, 2012, as denied that branch of her motion which was to quash a subpoena issued by the defendants Galster Management Corp. and KGS 14th, LLC, to a nonparty witness.

Ordered that the order is affirmed insofar as appealed from, with costs.

The plaintiff's medical records contain notations indicating her physician's skepticism about the plaintiff's claims as to the cause of her injuries. The plaintiff moved to quash a subpoena issued by the defendants Galster Management Corp. and KGS 14th, LLC (hereinafter together the Galster defendants), which sought to depose the physician, a nonparty, in connection with injuries the plaintiff allegedly sustained as a result of their alleged negligence.

Pursuant to CPLR 3101 (a) (4), a party may obtain discovery from a nonparty in possession of material and necessary evidence, so long as the nonparty is apprised of the circumstances or reasons requiring disclosure. The notice requirement of CPLR 3101 (a) (4) "obligates the subpoenaing party to state, either on the face of the subpoena or in a notice accompanying it, 'the circumstances or reasons such disclosure is sought or required'" (*Matter of Kapon v Koch*, 23 NY3d 32, 39 [2014], quoting CPLR 3101 [a] [4]; *see Velez v Hunts Point Multi-Serv. Ctr., Inc.*, 29 AD3d 104, 111 [2006]). After the subpoenaing party has established compliance with the CPLR 3101 (a) (4) notice requirement, disclosure from a nonparty requires no more than a showing that the requested information is relevant to the prosecution or defense of the action (*see Matter of Kapon v Koch*, 23 NY3d at 38; *see also Ferolito v Arizona Beverages USA, LLC*, 119 AD3d 642, 643 [2014]; *Jacobs v Johnston*, 97 AD3d 538, 538-539 [2012]). However, the party or nonparty moving to vacate the subpoena has the initial burden of establishing either that the requested deposition testimony "is 'utterly irrelevant'" to the action or that "'the futility of the process to uncover anything legitimate is inevitable or obvious'" (*Matter of Kapon v Koch*, 23 NY3d at 38, quoting *Anheuser-Busch, Inc. v Abrams*, 71 NY2d 327, 331-332 [1988]; *see Ferolito v Arizona Beverages USA, LLC*, 119 AD3d at 643).

Here, contrary to the plaintiff's contention, the Galster defendants satisfied the notice requirement. In a copy of the document entitled "Authorization to Permit the Interview of Treating Physician by Defense Counsel," which was attached to the nonparty witness subpoena, "the circumstances or reasons" requiring the deposition of the nonparty were properly provided (CPLR 3101 [a] [4]). Since the Galster defendants met this minimal obligation, the burden shifted to the plaintiff to establish that the deposition testimony sought was irrelevant to this action, which she failed to do. Further, the Galster defendants demonstrated that it was relevant to the defense of the action (*see Matter of Kapon v Koch*, 23 NY3d at 38).

The parties' remaining contentions are without merit.

Accordingly, the Supreme Court providently exercised its discretion in denying that branch of the plaintiff's motion which was to quash the subpoena seeking the deposition of the nonparty witness. Balkin, J.P., Hall, Miller and Duffy, JJ., concur.