■ LILLIAN H. ASSOCIATES, LLC, Respondent, v MOHAMMAD HALAL, Defendant/Third-Party Plaintiff-Appellant. AHMED EL-

SOURY et al., Third-Party Defendants-Respondents. [29 NYS3d 376]—In an action, inter alia, to recover damages for breach of a commercial lease, the defendant/third-party plaintiff appeals from an order of the Supreme Court, Richmond County (Maltese, J.), dated October 11, 2013, which granted the plaintiff's unopposed cross motion for summary judgment on the complaint, and the third-party defendants' motion for summary judgment dismissing the third-party complaint.

Ordered that the appeal from so much of the order as granted the plaintiff's unopposed cross motion for summary judgment on the complaint is dismissed; and it is further,

Ordered that the order is affirmed insofar as reviewed; and it is further,

Ordered that one bill of costs is awarded to the respondents appearing separately and filing separate briefs.

The defendant/third-party plaintiff (hereinafter the appellant) failed to submit papers to the Supreme Court in opposition to the plaintiff's cross motion for summary judgment on the complaint. Since the cross motion was granted upon the appellant's default, the appeal from that portion of the order must be dismissed (*see* CPLR 5501; *HCA Equip. Fin., LLC v Mastrantone*, 118 AD3d 850, 851 [2014]; *Jampolskaya v Victor Gomelsky, P.C.*, 36 AD3d 761, 762 [2007]).

Furthermore, the appellant's sole contention on appeal with respect to dismissal of the third-party complaint is that the third-party defendants breached the implied duty of good faith and fair dealing. This contention was not raised before the Supreme Court and, therefore, is not properly before this Court (*see Pekich v James E. Lawrence, Inc.*, 38 AD3d 632 [2007]). Nor does the contention present an issue of law which could not have been avoided if raised at the proper juncture. Thus, it may not be reached for the first time on appeal (*see Sprain Brook Manor Nursing Home v Glazer*, 6 AD3d 522 [2004]). Rivera, J.P., Sgroi, Miller and Hinds-Radix, JJ., concur.