◾ THOMAS P. REID, Individually and as Administrator of the Estate of ROBERT REID, Deceased, Respondent, v CLIFFORD B. SOULTS, M.D., et al., Appellants, et al., Defendants. [30 NYS3d 669]—

In an action to recover damages for medical malpractice, lack of informed consent, and wrongful death, the defendants Clifford B. Soults and Adirondack Neurosurgical Specialists, P.C., appeal from an order of the Supreme Court, Westchester County (Lefkowitz, J.), entered March 18, 2014, which, upon

remittitur from this Court by decision and order dated February 26, 2014 (see *Reid v Soults*, 114 AD3d 921 [2014]), denied those branches of their motion which were to compel the plaintiff to comply with their demand for discovery and inspection with respect to a certain videotape compilation and their demand for an authorization for a nonparty's YouTube account.

Ordered that the order is reversed, on the facts and in the exercise of discretion, with costs, and those branches of the appellants' motion which were to compel the plaintiff to comply with their demand for discovery and inspection with respect to a certain videotape compilation and their demand for an authorization for a nonparty's YouTube account are granted.

CPLR 3101 (a) is to be liberally construed "to require disclosure, upon request, of any facts bearing on the controversy which will assist preparation for trial by sharpening the issues and reducing delay and prolixity" (*Allen v Crowell-Collier Publ. Co.*, 21 NY2d 403, 406 [1968]; see *Matter of Kapon v Koch*, 23 NY3d 32, 38 [2014]). The appellants were required to show that the disclosure sought was "material and necessary" (CPLR 3101 [a]; see *Matter of Kapon v Koch*, 23 NY3d at 38). In addition, since the appellants were seeking disclosure from a nonparty, they were required to provide notice of the "circumstances or reasons" why the disclosure was "sought or required" from the nonparty witness (CPLR 3101 [a] [4]; see *Matter of Kapon v Koch*, 23 NY3d at 39; *Bianchi v Galster Mgt. Corp.*, 131 AD3d 558, 559 [2015]; *Nacos v Nacos*, 124 AD3d 462, 463 [2015]; *Ferolito v Arizona Beverages USA, LLC*, 119 AD3d 642, 643 [2014]; *Dicenso v Wallin*, 109 AD3d 508, 509 [2013]).

The Supreme Court improvidently exercised its discretion in finding that the subject videotape compilation and its sources were irrelevant to the claims in this case. The videotape contains footage that is relevant to the plaintiff's pecuniary loss claim and the life expectancy of the decedent (see *Doe v Sutlinger Realty Corp.*, 96 AD3d 898, 899 [2012]; *Gilleo v Horton Mem. Hosp.*, 196 AD2d 569, 569 [1993]; *Fell v Presbyterian Hosp. in City of N.Y. at Columbia-Presbyt. Med. Ctr.*, 98 AD2d 624 [1983]; see also *Kastick v U-Haul Co. of W. Mich.*, 259 AD2d 970, 971 [1999]; cf. *Vyas v Campbell*, 4 AD3d 417 [2004]).

Accordingly, the Supreme Court should have granted those branches of the appellants' motion which were to compel the plaintiff to comply with their demand for discovery and inspection with respect to the videotape compilation and their demand for an authorization for the nonparty's YouTube account. Hall, J.P., Cohen, LaSalle and Connolly, JJ., concur.