■ HELENE PESCE, Respondent, v JAIME FERNANDEZ, Appellant. [40 NYS3d 466]—

In an action to recover money owed on loans and to recover damages for unjust enrichment, the defendant appeals, as limited by his brief, from so much of an order of the Supreme Court, Nassau County (Cozzens, Jr., J.), dated July 13, 2015, as, in effect, denied that branch of his motion which was pursuant to CPLR 3126 to strike the complaint and granted that branch of his motion which was pursuant to CPLR 3124 to compel only to the extent of directing the plaintiff to provide duly executed authorizations for banking records and documentation certifying the spelling of her name.

Ordered that the order is affirmed insofar as appealed from, with costs.

The nature and degree of a penalty to be imposed on a motion pursuant to CPLR 3126 is a matter generally left to the discretion of the Supreme Court (*see Krause v Lobacz*, 131 AD3d 1128, 1128-1129 [2015]; *Kanic Realty Assoc., Inc. v Suffolk County Water Auth.*, 130 AD3d 876, 877 [2015]; *Friedman, Harfenist, Langer & Kraut v Rosenthal*, 79 AD3d 798, 800 [2010]). The drastic remedy of striking a pleading pursuant to CPLR 3126 should not be imposed unless the failure to comply with discovery demands or orders was clearly willful and contumacious (*see Kanic Realty Assoc., Inc. v Suffolk County Water Auth.*, 130 AD3d at 877; *Tos v Jackson Hgts. Care Ctr., LLC*, 91 AD3d 943, 943-944 [2012]; *Friedman, Harfenist, Langer & Kraut v Rosenthal*, 79 AD3d at 800). The willful and contumacious character of a party's conduct can be inferred from either the repeated failure to respond to demands or comply with discovery orders, without demonstrating a reasonable excuse for these failures, or the failure to comply with court-ordered discovery over an extended period of time (*see Wolf v Flowers*, 122 AD3d 728 [2014]; *Gutman v Cabrera*, 121 AD3d 1042, 1043 [2014]; *Matone v Sycamore Realty Corp.*, 87 AD3d 1113, 1114 [2011]).

Here, the Supreme Court providently exercised its discretion in denying that branch of the defendant's motion which was pursuant to CPLR 3126 (3) to strike the complaint. The plaintiff demonstrated a reasonable excuse for her failure to respond to the defendant's discovery demands over an extended period of time. Furthermore, the plaintiff substantially, albeit tardily, complied with the preliminary conference order directing her to respond to the defendant's second notice of discovery and inspection and second set of interrogatories (*see Palmieri v Piano Exch., Inc.*, 124 AD3d 611, 612 [2015]; *Delarosa v Besser Co.*, 86 AD3d 588, 589 [2011]; *Lomax v Rochdale Vil., Inc.*, 76 AD3d 999 [2010]).

The Supreme Court providently exercised its discretion in granting that branch of the defendant's motion which was pursuant to CPLR 3124 to compel the plaintiff to comply with certain notices of discovery and inspection, and sets of interrogatories, only to the extent of directing the plaintiff to provide duly executed authorizations for banking records of accounts from which the loan funds were obtained and documentation certifying the spelling of her name. A motion to compel responses to discovery demands and interrogatories is properly denied where the demands and interrogatories seek information that is irrevelant, overly broad, or burdensome (*see Accent Collections, Inc. v Cappelli Enters., Inc.*, 84 AD3d 1283 [2011]; *Merkos L'Inyonei Chinuch, Inc. v Sharf*, 59 AD3d 408 [2009]; *Gilman & Ciocia, Inc. v Walsh*, 45 AD3d 531 [2007]). Here, the defendant failed to meet his burden of demonstrating that the method of discovery sought would result in the disclosure of relevant evidence or was reasonably calculated to lead to the discovery of information bearing on the claims (*see* CPLR 3101 [a]; *Reid v Soults*, 138 AD3d 1091, 1092 [2016]; *Quinones v 9 E. 69th St., LLC*, 132 AD3d 750 [2015]; *Vyas v Campbell*, 4 AD3d 417, 418 [2004]). Furthermore, the defendant's discovery demands and interrogatories were overly broad and burdensome (*see Accent Collections, Inc. v Cappelli Enters., Inc.*, 84 AD3d at 1284).

The defendant's argument that the complaint should have been stricken under the common-law doctrine of spoliation was raised for the first time in his reply papers. Since the plaintiff did not have a fair opportunity to respond to that contention, the argument is not properly before this Court and will not be addressed (*see Guiterrez v Iannacci*, 43 AD3d 868 [2007]; *Johnston v Continental Broker-Dealer Corp.*, 287 AD2d 546 [2001]; *Tobias v Manginelli*, 266 AD2d 532 [1999]).

The defendant's remaining contentions, which were not raised before the Supreme Court, are not properly before this Court (*see Lillian H. Assoc., LLC v Halal*, 137 AD3d 873 [2016]; *Arthur Cab Leasing Corp. v Sice Mois Hacking Corp.*, 137 AD3d 828, 830 [2016]; *Orellano v Samples Tire Equip. & Supply Corp.*, 110 AD2d 757, 758 [1985]). Austin, J.P., Cohen, Hinds-Radix and Barros, JJ., concur.