(June 7, 2017)

■ Alumil Fabrication, Inc., Appellant, v F.A. Alpine Window Manufacturing Corporation, Respondent. [53 NYS3d 554]—

In an action, inter alia, for replevin and to recover damages for conversion, the plaintiff appeals from an order of the Supreme Court, Orange County (Slobod, J.), dated March 24, 2016, which, in effect, granted the defendant's motion to compel the deposition of a nonparty witness and denied its cross motion for a protective order preventing the defendant from obtaining discovery from the nonparty witness.

Ordered that the order is affirmed, with costs.

CPLR 3101 (a) is to be liberally construed "to require disclosure, upon request, of any facts bearing on the controversy which will assist preparation for trial by sharpening the issues and reducing delay and prolixity" (*Allen v Crowell-Collier Publ. Co.*, 21 NY2d 403, 406 [1968]; *see Matter of Kapon v Koch*, 23 NY3d 32, 38 [2014]). Here, in order to compel a deposition, the defendant was required to show that the disclosure sought was "material and necessary" (CPLR 3101 [a]; *see Matter of Kapon v Koch*, 23 NY3d at 38). In addition, since the defendant was seeking disclosure from the plaintiff's counsel as a nonparty witness, the defendant was required to provide notice of the

"circumstances or reasons" why the disclosure was "sought or required" from the nonparty witness (CPLR 3101 [a] [4]; *see Matter of Kapon v Koch*, 23 NY3d at 39; *Reid v Soults*, 138 AD3d 1091, 1092 [2016]; *Bianchi v Galster Mgt. Corp.*, 131 AD3d 558, 559 [2015]; *Dicenso v Wallin*, 109 AD3d 508, 509 [2013]).

The defendant satisfied the notice requirement by serving the plaintiff's counsel with its motion papers, which properly provided the circumstances or reasons requiring the deposition of that nonparty (*see* CPLR 3101 [a] [4]). Furthermore, the defendant demonstrated that the deposition testimony was relevant to the defense of the action and to the prosecution of its counterclaim (*see Clean Earth of N. Jersey, Inc. v Northcoast Maintenance Corp.*, 142 AD3d 1032, 1035 [2016]; *Branch Servs., Inc. v Cooper*, 102 AD3d 645, 646 [2013]; *BRK Props., Inc. v Wagner Ziv Plumbing & Heating Corp.*, 89 AD3d 883, 884 [2011]). In opposition to the defendant's motion and in support of its cross motion for a protective order, the plaintiff failed to establish that the deposition testimony sought was irrevelant to this action.

The plaintiff's remaining contentions are without merit.

Accordingly, the Supreme Court providently exercised its discretion when it, in effect, granted the defendant's motion to compel the deposition of the nonparty witness and denied the plaintiff's cross motion for a protective order. Hall, J.P., Sgroi, Maltese and LaSalle, JJ., concur.