DiBuono v Abbey, LLC (2018 NY Slip Op 05018)





DiBuono v Abbey, LLC


2018 NY Slip Op 05018


Decided on July 5, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on July 5, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
CHERYL E. CHAMBERS
SYLVIA O. HINDS-RADIX
LINDA CHRISTOPHER, JJ.


2011-02023
 (Index No. 15975/08)

[*1]James DiBuono, et al., plaintiffs, 
v
Abbey, LLC, et al., defendants, C & M Realty, et al., defendants-appellants, Getty Petroleum Marketing, Inc., defendant-respondent (and third-party actions).


McGovern, Connelly & Davidson, New Rochelle, NY (Frank H. Connelly, Jr., of counsel), for defendants-appellants.
McCarter & English, LLP, New York, NY (Joseph J. Cherico of counsel), for defendant-respondent.



DECISION & ORDER
In an action, inter alia, to recover damages for injury to property, the defendants C & M Realty, Carlo Colaianni, Michael Vivolo, and La Riserva Restaurant, Inc., appeal from an order of the Supreme Court, Westchester County (Joan B. Lefkowitz, J.), entered January 12, 2011. The order denied those defendants' motion, in effect, to compel the deposition of nonparty Leo Liebowitz and the production of certain documents at the deposition.
ORDERED that the order is modified, on the facts and in the exercise of discretion, by deleting the provision thereof denying that branch of the motion which was, in effect, to compel the deposition of nonparty Leo Liebowitz, and substituting therefor a provision granting that branch of the motion; as so modified, the order is affirmed, without costs or disbursements.
The plaintiffs commenced this action to recover damages for injury to their real property. The injury allegedly was caused by the leaking of petroleum from underground gasoline storage tanks located at three nearby service stations in Larchmont. Thereafter, the defendants C & M Realty, Carlo Colaianni, Michael Vivolo, and La Riserva Restaurant, Inc. (hereinafter collectively the C & M defendants), moved, inter alia, to compel the deposition of nonparty Leo Liebowitz and the production of certain documents at the deposition. The C & M defendants' motion was opposed by the defendant Getty Petroleum Marketing, Inc. (hereinafter GPMI). The Supreme Court denied the motion. The C & M defendants appeal.
CPLR 3101(a) is to be liberally construed "to require disclosure, upon request, of any facts bearing on the controversy which will assist preparation for trial by sharpening the issues and reducing delay and prolixity" (Allen v Crowell-Collier Publ. Co., 21 NY2d 403, 406). Pursuant to CPLR 3101(a)(4), a party may obtain discovery from a nonparty in possession of material and necessary evidence, so long as the nonparty is apprised of the circumstances or reasons requiring disclosure. The notice requirement of CPLR 3101(a)(4) "obligates the subpoenaing party to state, either on the face of the subpoena or in a notice accompanying it, the circumstances or reasons such [*2]disclosure is sought or required'" (Matter of Kapon v Koch, 23 NY3d 32, 39, quoting CPLR 3101[a][4]; see Velez v Hunts Point Multi-Serv. Ctr., Inc., 29 AD3d 104, 111). "After the subpoenaing party has established compliance with the CPLR 3101(a)(4) notice requirement, disclosure from a nonparty requires no more than a showing that the requested information is relevant to the prosecution or defense of the action" (Bianchi v Galster Mgt. Corp., 131 AD3d 558, 559).
Here, the C & M defendants satisfied the notice requirement of CPLR 3101(a)(4) by serving Liebowitz with a subpoena that listed the "circumstances or reasons" for the deposition (see Ferolito v Arizona Beverages USA, LLC, 119 AD3d 642, 643). Furthermore, the C & M defendants demonstrated that the deposition testimony was relevant to the defense of the action and to the prosecution of their cross claims (see Alumil Fabrication, Inc. v F.A. Alpine Window Mfg. Corp., 151 AD3d 667, 668). In opposition, GPMI failed to establish that the requested deposition is utterly irrelevant to the action or that the futility of the process to uncover anything legitimate is inevitable or obvious (see Matter of Kapon v Koch, 23 NY3d at 34; Hudson City Sav. Bank v 59 Sands Point, LLC, 153 AD3d 611, 612-613). Accordingly, the Supreme Court improvidently exercised its discretion in denying that branch of the C & M defendants' motion which was to compel the deposition of nonparty Liebowitz.
However, contrary to the contentions of the C & M defendants, the Supreme Court providently exercised its discretion in denying, as overly broad and vague, that branch of their motion which was to compel Liebowitz to produce certain documents at his deposition (see Kaufman v Kaufman, 134 AD2d 407).
DILLON, J.P., CHAMBERS, HINDS-RADIX and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court