Cioffi v S.M. Foods, Inc. (2019 NY Slip Op 09250)





Cioffi v S.M. Foods, Inc.


2019 NY Slip Op 09250


Decided on December 24, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on December 24, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
REINALDO E. RIVERA
COLLEEN D. DUFFY
VALERIE BRATHWAITE NELSON, JJ.


2015-12464
 (Index No. 55391/11)

[*1]Frederick M. Cioffi, et al., appellants, 
v
S.M. Foods, Inc., et al., defendants third-party plaintiffs-respondents, Atlanta Foods International, defendants-respondents; Village of Tuckahoe, et al., third-party defendants-respondents.


Grant & Longworth, LLP (Jonathan Rice and Pollack Pollack Isaac & DeCicco, LLP, New York, NY [Brian J. Isaac], of counsel), for appellants.
Baxter Smith & Shapiro, P.C., White Plains, NY (Sim R. Shapiro of counsel), for defendants third-party plaintiffs-respondents.
White & Quinlan, LLP, Garden City, NY (Terence M. Quinlan of counsel), for defendants-respondents.



DECISION & ORDER
In an action to recover damages for personal injuries, etc., the plaintiffs appeal from an order of the Supreme Court, Westchester County (Joan B. Lefkowitz, J.), dated December 2, 2015. The order, insofar as appealed from, denied the plaintiffs' motion to strike the note of issue and certificate of readiness and to direct further discovery, and granted those branches of the motion of the defendants Atlanta Foods International, Russell McCall's, Inc., Russell McCall's, Inc., doing business as Sheila Marie Foods, and Doug Jay which were to quash subpoenas served upon certain nonparties in New York and to preclude the plaintiffs from using any discovery produced in response to subpoenas served upon certain nonparties in Georgia.
ORDERED that the order is affirmed insofar as appealed from, with one bill of costs to the respondents appearing separately and filing separate briefs.
Pursuant to the Uniform Rules for Trial Courts, "[w]ithin 20 days after service of a note of issue and certificate of readiness, any party to the action or special proceeding may move to vacate the note of issue, upon affidavit showing in what respects the case is not ready for trial, and the court may vacate the note of issue if it appears that a material fact in the certificate of readiness is incorrect" (Uniform Rules for Trial Courts § 202.21[e]). A statement in a certificate of readiness to the effect that all pretrial discovery has been completed is a material fact, and where that statement is incorrect, the note of issue should be vacated (see Barrett v New York City Health & Hosps. Corp., 150 AD3d 949, 951-952; cf. Slovney v Nasso, 153 AD3d 962; Rizzo v Balish & Friedman, 153 AD3d 869, 870).
Where a party's motion to vacate the note of issue is timely, the party is "required only to demonstrate why the case [is] not ready for trial, and [is] not required to establish that additional discovery [is] necessary because unusual or unanticipated circumstances [have] developed [*2]subsequent to the filing of the note of issue" (Jacobs v Johnston, 97 AD3d 538, 538; see 22 NYCRR 202.21[d][e]). However, where the Supreme Court has directed the completion of discovery by a certain date or where the party seeking vacatur has failed to timely comply with court orders and discovery demands, denial of a motion to vacate is proper (see Encarnacion v Monier, 81 AD3d 875; Rampersant v Nationwide Mut. Fire Ins. Co., 71 AD3d 972, 973; Savin v Brooklyn Mar. Park Dev. Corp., 61 AD3d 954, 955).
Here, the Supreme Court issued a trial readiness order on August 27, 2015, which, inter alia, directed the plaintiffs to serve and file a note of issue within 20 days. At that time, it had been 6½ years since the injured plaintiff's accident, 6 years since the original summons and complaint were filed, and 4 years since the present action was commenced. In that time, the plaintiffs had served more than 50 discovery demands and moved more than 36 times to compel various disclosure. On September 21, 2015, the plaintiffs filed their note of issue as directed, but the following day moved to strike the note of issue and certificate of readiness due to a need for further discovery and to direct certain disclosure. The court found that the plaintiffs had been given "every opportunity to conduct discovery" and had done so "extensively," and that vacatur of the note of issue and certificate of trial readiness was not warranted. Under these circumstances, we agree with the court's denial of the plaintiff's motion.
Pursuant to CPLR 3101(a)(4), a party may obtain discovery from a nonparty in possession of material and necessary evidence, so long as the nonparty is apprised of the circumstances or reasons requiring disclosure (see DiBuono v Abbey, LLC, 163 AD3d 524, 525; Bianchi v Galster Mgt. Corp., 131 AD3d 558, 559). After the party seeking nonparty discovery has established compliance with the notice requirements of CPLR 3101(a)(4), " disclosure from [the] nonparty requires no more than a showing that the requested information is relevant to the prosecution or defense of the action'" (DiBuono v Abbey, LLC, 163 AD3d at 525, quoting Bianchi v Galster Mgt. Corp., 131 AD3d at 559; see Matter of Kapon v Koch, 23 NY3d 32, 38). "The words material and necessary' as used in [CPLR] 3101 must be interpreted liberally to require disclosure, upon request, of any facts bearing on the controversy which will assist preparation for trial by sharpening the issues and reducing delay and prolixity'" (Matter of Kapon v Koch, 23 NY3d at 38, quoting Allen v Crowell-Collier Publ. Co., 21 NY2d 403, 406; see DiBuono v Abbey, LLC, 163 AD3d at 525; Redmond v Hanypsiak, 153 AD3d 1374, 1375).
Between June and August 2015, the plaintiffs served subpoenas on various nonparties in New York and in Georgia. The defendants Atlanta Foods International, Russell McCall's, Inc., Russell McCall's, Inc., doing business as Sheila Marie Foods, and Doug Jay (hereinafter collectively the Atlanta defendants) moved, inter alia, to quash all subpoenas served by the plaintiffs on nonparties, to preclude the plaintiffs from using any documents obtained in response to those subpoenas, and for a protective order.
In prior orders, the Supreme Court had denied the plaintiffs' motions for open commissions to obtain discovery from various nonparties. However, the court agreed with the plaintiffs that it lacked the authority to countermand subpoenas issued by a particular Georgia court and that, to obtain that relief, the Atlanta defendants would have had to move to quash in Georgia. Thus, the court denied that branch of the Atlanta defendants' motion which was to quash the Georgia subpoenas. Nevertheless, the court determined that, since the plaintiffs failed to demonstrate a need for the discovery the court had previously denied, it granted that branch of the Atlanta defendants' motion which was to preclude the plaintiffs from using evidence obtained in response to the Georgia subpoenas in this litigation. With regard to the discovery sought via the New York subpoenas, the court determined that the Atlanta defendants established that "the vast amount of requested discovery was utterly irrelevant to this action" and, therefore, granted that branch of the Atlanta defendants' motion which was to quash the New York subpoenas.
The extent of the prior litigation over discovery in this matter demonstrates that the Supreme Court was intimately familiar with the facts and issues in the case and was well placed to evaluate whether the discovery sought was likely to lead to relevant information that would "sharpen[ ] the issues and reduc[e] delay and prolixity" (Matter of Kapon v Koch, 23 NY3d at 38 [*3][internal quotation marks omitted]). Furthermore, the court, in its August 27, 2015, trial readiness order, had already declared that discovery was complete or had been waived. The court had the power, without any motions by the parties, to control and order discovery and to enforce its prior orders denying open commissions and declaring that discovery was complete or waived (see Matter of Harriman Estates at Aquebogue, LLC v Town of Riverhead, 151 AD3d 854, 856; JPMorgan Chase Bank, N.A. v Levenson, 149 AD3d 1053, 1054; Berkowitz v 29 Woodmere Blvd. Owners', Inc., 135 AD3d 798, 799; AQ Asset Mgt. LLC v Levine, 111 AD3d 245, 260). Accordingly, we agree with the Supreme Court's determination to grant those branches of the Atlanta defendants' motion which were to quash the subpoenas served upon the nonparties in New York and to preclude the use of evidence obtained in response to the subpoenas served upon the nonparties in Georgia.
MASTRO, J.P., RIVERA, DUFFY and BRATHWAITE NELSON, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court