Demirayak v Nassau Chest Physicians, P.C. (2022 NY Slip Op 02111)





Demirayak v Nassau Chest Physicians, P.C.


2022 NY Slip Op 02111


Decided on March 30, 2022


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 30, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

BETSY BARROS, J.P.
REINALDO E. RIVERA
PAUL WOOTEN
DEBORAH A. DOWLING, JJ.


2020-04427
 (Index No. 601249/18)

[*1]Tunc Demirayak, etc., appellant,
v
Nassau Chest Physicians, P.C., et al., respondents, et al., defendants.


Law Office of Caner Demirayak, Esq., P.C., Brooklyn, NY, for appellant.
Wagner, Doman, Leto & Di Leo, P.C., Mineola, NY (David B. De Siver of counsel), for respondents Nassau Chest Physicians, P.C., Jeffrey Wolf, and Sheryl Brustein.
Vigorito, Barker, Patterson, Nichols & Porter, LLP, New York, NY (Adonaid C. Medina of counsel), for respondents St. Francis Hospital, Catholic Health System of Long Island, Inc., and CHS Physician's Partners, P.C.



DECISION & ORDER
In an action, inter alia, to recover damages for medical malpractice and wrongful death, etc., the plaintiff appeals from an order of the Supreme Court, Nassau County (R. Bruce Cozzens, Jr., J.), entered May 8, 2020. The order, insofar as appealed from, denied that branch of the plaintiff's motion which was to compel the defendants Nassau Chest Physicians, P.C., Jeffrey Wolf, St. Francis Hospital, Catholic Health System of Long Island, Inc., CHS Physician's Partners, P.C., and Sheryl Brustein to produce certain documents.
ORDERED that the order is affirmed insofar as appealed from, with one bill of costs.
The plaintiff commenced this action to recover damages for medical malpractice and wrongful death, etc., alleging, among other things, that the defendant Jeffrey Wolf, a pulmonary disease specialist, negligently performed an electromagnetic navigation bronchoscopy on the plaintiff's wife, Leyla Demirayak (hereinafter the decedent), on December 19, 2016, and thereafter failed to diagnose the decedent's lung cancer. As part of his discovery demands, the plaintiff sought production from Wolf and the defendants Nassau Chest Physicians, P.C., Sheryl Brustein, St. Francis Hospital, Catholic Health System of Long Island, Inc., and CHS Physician's Partners, P.C. (hereinafter collectively the defendants), of, among other things, "documents, reports or logs for electromagnetic navigational bronchoscopies, with patient information redacted where necessary, for each time such procedure was performed by . . . Wolf . . . before December 19, 2016." The defendants objected, contending that the demand was overbroad and in violation of the Education Law, Public Health Law, and HIPAA. In response, the plaintiff served a supplemental demand which sought production of, among other things, "[d]ocuments, logs, reports, memorandums, bills, invoices or other paper or electronic records showing how many times the electromagnetic navigational bronchoscopy was performed between October 10, 2015 and December 19, 2016 by . [*2]. . Wolf," and "[r]esults of each electromagnetic navigational bronchoscopy performed between October 10, 2015 and December 19, 2016 by . . . Wolf," with patient information redacted. Thereafter, the plaintiff moved, among other things, to compel disclosure of the requested documents. In an order entered May 8, 2020, the Supreme Court, among other things, denied that branch of the plaintiff's motion which was to compel the defendants to produce the requested documentation relating to electromagnetic navigational bronchoscopies performed by Wolf on nonparty patients prior to December 19, 2016. The plaintiff appeals.
CPLR 3101(a)(1) requires "full disclosure of all matter material and necessary in the prosecution or defense of an action, regardless of the burden of proof, by . . . a party, or the officer, director, member, agent or employee of a party." "'The words, "material and necessary," are . . . to be interpreted liberally to require disclosure, upon request, of any facts bearing on the controversy which will assist preparation for trial'" (McAlwee v Westchester Health Assoc., PLLC, 163 AD3d 547, 548, quoting Allen v Crowell-Collier Publ. Co., 21 NY2d 403, 406). "However, the principle of 'full disclosure' does not give a party the right to uncontrolled and unfettered disclosure, and the trial courts have broad power to regulate discovery to prevent abuse" (McAlwee v Westchester Health Assoc., PLLC, 163 AD3d at 548 [internal quotation marks omitted]; see Gilman & Ciocia, Inc. v Walsh, 45 AD3d 531, 531). "A motion to compel responses to discovery demands and interrogatories is properly denied where the demands and interrogatories seek information that is irrelevant, overly broad, or burdensome" (Pesce v Fernandez, 144 AD3d 653, 655). "The supervision of discovery, and the setting of reasonable terms and conditions for disclosure, are within the sound discretion of the Supreme Court. The Supreme Court's discretion is broad because it is familiar with the action before it, and its exercise should not be disturbed on appeal unless it was improvidently exercised" (Provident Life & Cas. Ins. Co. v Brittenham, 284 AD2d 518, 518; see Matter of Metro-North Train Acc. of Feb. 3, 2015, 178 AD3d 929, 931).
Here, the Supreme Court providently exercised its discretion in denying that branch of the plaintiff's motion which was to compel disclosure of the requested documentation relating to electromagnetic navigational bronchoscopies performed by Wolf on nonparty patients prior to December 19, 2016. The plaintiff failed to meet his burden of demonstrating that the discovery sought was "material and necessary" (CPLR 3101[a]) to the prosecution of the action (see McAlwee v Westchester Health Assoc., PLLC, 163 AD3d 547, 549; Pesce v Fernandez, 144 AD3d at 655; cf. Cole v Panos, 128 AD3d 880, 883-884).
BARROS, J.P., RIVERA, WOOTEN and DOWLING, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court