Hamed v Alas Realty Corp. (2022 NY Slip Op 05518)

Hamed v Alas Realty Corp.

2022 NY Slip Op 05518

Decided on October 5, 2022

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on October 5, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

HECTOR D. LASALLE, P.J.
ROBERT J. MILLER
LARA J. GENOVESI
LILLIAN WAN, JJ.

2021-08745
 (Index No. 518793/20)

[*1]Shadia Hamed, respondent, 
v
Alas Realty Corp., et al., appellants.

Margaret G. Klein & Associates (Mischel & Horn, P.C., New York, NY [Scott T. Horn and Andrew J. Fisher], of counsel), for appellants.
Law Offices of Wale Mosaku, P.C., Brooklyn, NY, for respondent.

DECISION & ORDER
In an action to recover damages for personal injuries, the defendants appeal from an order of the Supreme Court, Kings County (Lawrence Knipel, J.), dated October 14, 2021. The order, insofar as appealed from, denied stated portions of the defendants' motion pursuant to CPLR 3124 to compel the plaintiff to comply with certain discovery demands.
ORDERED that the order is modified, on the law and in the exercise of discretion, by deleting the provision thereof conditionally granting that branch of the defendant's motion which was to compel the plaintiff to provide authorizations to obtain medical records related to treatment for pre-existing injuries to the plaintiff's right ankle "if she claims any effects on her gait or mobility as a result of this accident," and substituting therefor a provision granting that branch of the motion without that condition; as so modified, the order is affirmed insofar as appealed from, without costs or disbursements.
The plaintiff Shadia Hamed allegedly sustained personal injuries when she slipped and fell in a building owned and operated by the defendants. The plaintiff commenced this action alleging, inter alia, that the defendants negligently maintained their premises in an unsafe condition.
The defendants moved pursuant to CPLR 3124 to compel the plaintiff to provide certain discovery, including authorizations to obtain medical records related to the plaintiff's treatment for pre-existing injuries to her right ankle. The defendants argued that these medical records were material and necessary to their defense of this action because these records were necessary to establish the plaintiff's negligence.
CPLR 3101 requires "full disclosure of all matter material and necessary in the prosecution of defense of an action, regardless of the burden of proof, by . . . a party, or the officer, director, member, agent or employee of a party" (CPLR 3101[a][1]). "'The words, "material and necessary," are . . . to be interpreted liberally to require disclosure, upon request, of any facts bearing on the controversy which will assist preparation for trial'" (McAlwee v Westchester Health Assoc., PLLC, 163 AD3d 547, 548, quoting Allen v Crowell-Collier Publ. Co., 21 NY2d 403, 406). "'However, the principle of full disclosure does not give a party the right to uncontrolled and unfettered disclosure, and the trial courts have broad power to regulate discovery to prevent abuse'" [*2](McAlwee v Westchester Health Assoc., PLLC, 163 AD3d at 548, quoting Gilman & Ciocia, Inc. v Walsh, 45 AD3d 531, 531 [internal quotation marks omitted]). "A motion to compel responses to discovery demands and interrogatories is properly denied where the demands and interrogatories seek information that is irrelevant, overly broad, or burdensome" (Pesce v Fernandez, 144 AD3d 653, 655). "The supervision of discovery, and the setting of reasonable terms and conditions for disclosure, are within the sound discretion of the Supreme Court. The Supreme Court's discretion is broad because it is familiar with the action before it, and its exercise should not be disturbed on appeal unless it was improvidently exercised" (Provident Life & Cas. Ins. Co. v Brittenham, 284 AD2d 518, 518; see Matter of Metro-North Train Acc. of Feb. 3, 2015, 178 AD3d 929, 931).
Here, the Supreme Court improvidently exercised its discretion in only conditionally granting that branch of the defendants' motion which was to compel the plaintiff to provide medical records pertaining to her pre-existing injury to her right ankle only in the event that the plaintiff "claims any effects on her gait or mobility as a result of this incident." The defendants established that these records are material and necessary to the defense of this action (see CPLR 3101[a][1]).
The defendants' remaining contentions are without merit, as the defendants failed to meet their burden of demonstrating that the remaining discovery sought as part of their motion was "material and necessary" (CPLR 3101[a]) to the defense of the action (see McAlwee v Westchester Health Assoc., PLLC, 163 AD3d at 549; Pesce v Fernandez, 144 AD3d 653, 655; cf. Cole v Panos, 128 AD3d 880, 883-884).
LASALLE, P.J., MILLER, GENOVESI and WAN, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court