Harrington v New York City Tr. Auth. (2024 NY Slip Op 00296)

Harrington v New York City Tr. Auth.

2024 NY Slip Op 00296

Decided on January 24, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on January 24, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ANGELA G. IANNACCI, J.P.
WILLIAM G. FORD
HELEN VOUTSINAS
LOURDES M. VENTURA, JJ.

2021-08419
 (Index No. 150094/17)

[*1]Rachel Harrington, appellant,
v
New York City Transit Authority, respondent, et al., defendant.

Harmon, Linder & Rogowsky (Mitchell Dranow, Sea Cliff, NY, of counsel), for appellant.
Anna J. Ervolina, Brooklyn, NY (Timothy J. O'Shaughnessy of counsel), for respondent.

DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Richmond County (Thomas P. Aliotta, J.), dated October 21, 2021. The order denied the plaintiff's motion to compel further discovery.
ORDERED that the order is affirmed, with costs.
The plaintiff was a passenger on a bus owned by the defendant New York City Transit Authority (hereinafter the defendant) when the fare box at the front of the bus began to emit smoke. The bus driver pulled over and directed all of the passengers to exit the bus. The plaintiff was exiting from the rear of the bus when she allegedly slipped on a wet substance on the floor inside the bus and landed on the sidewalk.
The plaintiff subsequently commenced this action to recover damages for personal injuries she allegedly sustained when she fell while exiting the bus. During the course of discovery, the plaintiff moved to compel the defendant to produce a witness for a deposition who was knowledgeable about the maintenance of the fare box on the subject bus, and also to produce additional documents related to the maintenance of the fare box. In an order dated October 21, 2021, the Supreme Court denied the plaintiff's motion to compel further discovery. The plaintiff appeals.
CPLR 3101(a) requires "full disclosure of all matter material and necessary in the prosecution or defense of an action, regardless of the burden of proof" (see Hamed v Alas Realty Corp., 209 AD3d 628, 629). "'The words, material and necessary, are . . . to be interpreted liberally to require disclosure, upon request, of any facts bearing on the controversy which will assist preparation for trial'" (McAlwee v Westchester Health Assoc., PLLC, 163 AD3d 547, 548, quoting Allen v Crowell-Collier Publ. Co., 21 NY2d 403, 406 [internal quotation marks omitted]). "'However, the principle of full disclosure does not give a party the right to uncontrolled and unfettered disclosure, and the trial courts have broad power to regulate discovery to prevent abuse'" (McAlwee v Westchester Health Assoc., PLLC, 163 AD3d at 548, quoting Gilman & Ciocia, Inc. v Walsh, 45 AD3d 531, 531 [internal quotation marks omitted]).
Here, contrary to the plaintiff's contention, the condition of the fare box at the front of the bus was not a proximate cause of the plaintiff's accident, but, rather, merely furnished the occasion for the plaintiff's exit from the bus and her alleged slip and fall due to a wet substance on the floor of the bus (see Sheehan v City of New York, 40 NY2d 496, 502-503; Landsman v Tolo, 194 AD3d 1034, 1035). Accordingly, the requested discovery regarding the fare box was not material and necessary to the prosecution of the action, and the Supreme Court providently exercised its discretion in denying the plaintiff's motion to compel such discovery (see State Farm Mut. Auto. Ins. Co. v RLC Med., P.C., 150 AD3d 1034, 1035).
IANNACCI, J.P., FORD, VOUTSINAS and VENTURA, JJ., concur.
ENTER:
Darrell M. Joseph
Acting Clerk of the Court