■ AALCO TRANSPORTATION & STORAGE, INC., Plaintiff/ Counterclaim Defendant-Respondent, v JOSEPH DEGUARA, Defendant/Counterclaim Plaintiff-Appellant, and BEL-AIR CONSULTING & DESIGN, LLC, Appellant. JEFFREY S. KREVAT, Additional Counterclaim Defendant-Respondent. [35 NYS3d 113]—

In an action, inter alia, to recover damages for breach of an employment agreement, Joseph DeGuara and Bel-Air Consulting & Design, LLC, appeal, as limited by their brief, from (1) so much of an order of the Supreme Court, Suffolk County (Rebolini, J.), dated March 3, 2014, as denied their motion to compel the disclosure of certain financial documents and the production of previously produced electronic documents in a specific format, and (2) so much of an order of the same court dated August 4, 2014, as, upon reargument, adhered to its original determination.

Ordered that the appeal from the order dated March 3, 2014, is dismissed, as that order was superseded by the order dated August 4, 2014, made upon reargument; and it is further,

Ordered that the order dated August 4, 2014, is affirmed insofar as appealed from; and it is further,

Ordered that one bill of costs is awarded to the plaintiff/ counterclaim defendant and the additional counterclaim defendant.

"A party is not entitled to unlimited, uncontrolled, unfettered disclosure, and the supervision of discovery is generally left to the trial court's broad discretion" (*Geffner v Mercy Med. Ctr.*, 83 AD3d 998, 998 [2011]; *see Quinones v 9 E. 69th St., LLC*, 132 AD3d 750 [2015]; *Foster v Herbert Slepoy Corp.*, 74 AD3d 1139 [2010]; *Gilman & Ciocia, Inc. v Walsh*, 45 AD3d 531 [2007]). Here, the Supreme Court providently exercised its discretion in, upon reargument, denying that branch of the motion of Joseph DeGuara and Bel-Air Consulting & Design, LLC (hereinafter together the appellants), which was to compel the plaintiff and the additional counterclaim defendant to comply with certain demands for discovery. The appellants failed to

demonstrate that the financial documents sought were material and necessary to their defenses or counterclaims (*see* CPLR 3101 [a]; *Gitlin v Chirinkin,* 71 AD3d 728 [2010]). Further, it was not an improvident exercise of the Supreme Court's discretion to deny that branch of the appellants' motion which was to compel the production of electronic documents in a different format than that in which the documents were previously produced. Rivera, J.P., Dickerson, Maltese and Barros, JJ., concur.