Knoll v L&M Spring Val., LLC (2022 NY Slip Op 02537)

Knoll v L&M Spring Val., LLC

2022 NY Slip Op 02537

Decided on April 20, 2022

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on April 20, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

FRANCESCA E. CONNOLLY, J.P.
SHERI S. ROMAN
LINDA CHRISTOPHER
WILLIAM G. FORD, JJ.

2020-06540
 (Index No. 4928/16)

[*1]Clinton Knoll, respondent, et al., plaintiffs,
v
L & M Spring Valley, LLC, et al., appellants, et al., defendants (and a third-party action).

Goldberg Segalla, LLP, Garden City, NY (William O'Connell and Nicholas J. Pontzer of counsel), for appellants.
Sobo & Sobo, LLP. Middletown, NY (John A. Del Duco III of counsel), for respondent.

DECISION & ORDER
In an action to recover damages for personal injuries, etc., the defendants L & M Spring Valley, LLC, and Dolphin Property Services, LLC, appeal from an order of the Supreme Court, Orange County (Maria S. Vasquez-Doles, J.), dated July 30, 2020. The order denied those defendants' motion pursuant to CPLR 3124 to compel the plaintiff Clinton Knoll to respond to post-deposition discovery demands.
ORDERED that the order is affirmed, with costs.
On December 17, 2015, the plaintiff Clinton Knoll (hereinafter the plaintiff) was working as an emergency medical technician with his partner, Johnny Martinez, at premises allegedly owned by the defendants L & M Spring Valley, LLC, and Dolphin Property Services, LLC (hereinafter together the defendants). The plaintiff and Martinez were transporting a patient across the parking area of the premises to the ambulance. The patient was on a stretcher when one or two of the stretcher's wheels suddenly became caught in pot holes, which caused the stretcher and the patient to tip over and fall. In an effort to stabilize the stretcher and prevent injury to the patient, the plaintiff allegedly sustained personal injuries. The plaintiff, his wife suing derivatively, and Martinez commenced this action, inter alia, to recover damages for personal injuries.
The plaintiff was deposed on June 7, 2019, and June 25, 2019. During his depositions, the plaintiff testified that he had been arrested on November 17, 2003, and in connection with that arrest, the plaintiff pleaded guilty to falsely reporting an incident in the third degree. The defendants served post-deposition demands on the plaintiff, seeking, inter alia, certain documents relating to the plaintiff's criminal conviction. In response, the plaintiff objected to those demands as patently overbroad and burdensome.
The defendants moved pursuant to CPLR 3124 to compel the plaintiff to provide the outstanding discovery responses to their post-deposition demands. The plaintiff opposed the defendants' motion. By order dated July 30, 2020, the Supreme Court denied the defendants' motion. The court determined that the defendants failed to meet their burden of establishing that the documents relating to the plaintiff's criminal conviction were material and necessary to the defense [*2]of this personal injury action. The defendants appeal.
CPLR 3101(a) requires, in pertinent part, "full disclosure of all matter material and necessary in the prosecution or defense of an action." "However, the principle of 'full disclosure' does not give a party the right to uncontrolled and unfettered disclosure, and the trial courts have 'broad power to regulate discovery to prevent abuse'" (Ramirez v New York City Tr. Auth., 132 AD3d 653, 654, quoting Barouh Eaton Allen Corp. v International Bus. Machs. Corp., 76 AD2d 873, 874). "A party is not entitled to unlimited, uncontrolled, unfettered disclosure, and the supervision of discovery is generally left to the trial court's broad discretion" (Aalco Transp. & Stor., Inc. v DeGuara, 140 AD3d 807, 807 [internal quotation marks omitted]). "A motion to compel responses to discovery demands and interrogatories is properly denied where the demands and interrogatories seek information that is irrelevant, overly broad, or burdensome" (JPMorgan Chase Bank, Nat. Assn. v Levenson, 149 AD3d 1053, 1054; see Accent Collections, Inc. v Cappelli Enters., Inc., 84 AD3d 1283, 1283).
Here, the Supreme Court providently exercised its discretion in denying the defendants' motion to compel the plaintiff to respond to their post-deposition discovery demands. The defendants failed to demonstrate that the documents relating to the plaintiff's prior criminal conviction were material and necessary to their defense of this action (see Aalco Transp. & Stor., Inc. v DeGuara, 140 AD3d at 807-808; Montalto v Heckler, 113 AD3d 741, 742; Gitlin v Chirinkin, 71 AD3d 728, 729; Baez v Sugrue, 300 AD2d 519, 521; see also McAlwee v Westchester Health Assoc., PLLC, 163 AD3d 547, 549).
The plaintiff's remaining contention need not be reached in light of our determination.
CONNOLLY, J.P., ROMAN, CHRISTOPHER and FORD, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court