Kopelevich & Feldsherova, P.C. v Geller Law Group, P.C. (2023 NY Slip Op 06730)

Kopelevich & Feldsherova, P.C. v Geller Law Group, P.C.

2023 NY Slip Op 06730

Decided on December 27, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on December 27, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

CHERYL E. CHAMBERS, J.P.
WILLIAM G. FORD
DEBORAH A. DOWLING
CARL J. LANDICINO, JJ.

2020-07589
 (Index No. 504086/15)

[*1]Kopelevich & Feldsherova, P.C., appellant,
v
Geller Law Group, P.C., et al., defendants-respondents; MetLife Auto & Home Ins. Co., et al., nonparty-respondents.

Treybich Law, P.C., New York, NY (Michael Treybich of counsel), for appellant.
Stein Farkas & Schwartz LLP, New York, NY (Gabriel S. Rosenberg of counsel), for defendants-respondents.
Abamont & Associates, Garden City, NY (William Ross Van Tuyl of counsel), for nonparty-respondent MetLife Auto & Home Ins. Co.
Goldberg Segalla LLP, New York, NY (Michael E. Longo of counsel), for nonparty-respondent Empire Fire & Marine Insurance Company.

DECISION & ORDER
In an action, inter alia, to recover damages for breach of contract, the plaintiff appeals from an order of the Supreme Court, Kings County (Lawrence Knipel, J.), dated August 17, 2020. The order, insofar as appealed from, (1), in effect, granted those branches of the separate motions of nonparties MetLife Auto & Home Ins. Co., and Empire Fire & Marine Insurance Company which were for a protective order against further discovery to the extent of issuing a protective order limiting the scope of any subpoena the plaintiff may serve on each of those nonparties to actions commenced against them between April 1, 2012, and July 17, 2014, and (2), sua sponte, in effect, issued a protective order limiting the scope of any subpoena the plaintiff may serve on certain other nonparty insurance and leasing companies against which the defendant Geller Law Group, P.C., commenced actions to actions commenced against those nonparties between April 1, 2012, and July 17, 2014.
ORDERED that on the Court's own motion, the notice of appeal from so much of the order as, sua sponte, in effect, issued a protective order limiting the scope of any subpoenas the plaintiff may serve on certain nonparty insurance and leasing companies other than nonparties MetLife Auto & Home Ins. Co., and Empire Fire & Marine Insurance Company against which the defendant Geller Law Group, P.C., commenced actions to actions commenced against those nonparties between April 1, 2012, and July 17, 2014, is deemed to be an application for leave to appeal from that portion of the order, and leave to appeal is granted (see CPLR 5701[c]); and it is further,
ORDERED that the order is modified, on the law and in the exercise of discretion, by deleting the provisions thereof limiting the scope of the subpoenas the plaintiff may serve on nonparties MetLife Auto & Home Ins. Co., Empire Fire & Marine Insurance Company, and certain [*2]other nonparty insurance and leasing companies against which the defendant Geller Law Group, P.C., commenced actions to actions commenced against those nonparties between April 1, 2012, and July 17, 2014, and substituting therefor provisions limiting the scope of the subpoenas the plaintiff may serve on those nonparties to actions commenced against those nonparties between April 1, 2012, and August 16, 2014; as so modified, the order is affirmed insofar as appealed from; and it is further,
ORDERED that one bill of costs is awarded to the plaintiff, payable by the respondents appearing separately and filing separate briefs.
The plaintiff, a law firm, commenced this action against the defendants Geller Law Group, P.C. (hereinafter the Geller Law Group) and Mark Geller (hereinafter together the defendants), and another, to recover damages for breach of an of-counsel agreement between the plaintiff and the Geller Law Group dated April 1, 2012. Pursuant to the agreement, the plaintiff was to provide certain legal services relating to no-fault litigation cases filed by the Geller Law Group in Kings County. The complaint alleged, among other things, that the plaintiff provided services pursuant to the agreement until on or about June 23, 2014. Following years of contentious discovery, in 2019, the plaintiff served subpoenas duces tecum on, among others, 65 insurance and leasing companies against which the Geller Law Group had commenced actions in Kings County since April 1, 2012, "to present," including nonparties MetLife Auto & Home Ins. Co. (hereinafter MetLife) and Empire Fire & Marine Insurance Company (hereinafter Empire). The Geller Law Group moved, inter alia, to quash the subpoenas and for a protective order limiting the plaintiff's use of any documents received through the subpoenas, and MetLife and Empire separately moved, among other things, to quash the subpoenas that had been served upon them and for a protective order against further discovery. In an order dated August 17, 2020, the Supreme Court, inter alia, in effect, granted those branches of the separate motions of MetLife and Empire which were for a protective order against further discovery to the extent of issuing a protective order, among other things, limiting the scope of subpoenas the plaintiff may serve on each of those nonparties to actions commenced between April 1, 2012, and July 17, 2014, and, sua sponte, in effect, issued a protective order, inter alia, limiting the scope of subpoenas the plaintiff may serve on other nonparty insurance and leasing companies against which the Geller Law Group commenced actions to actions commenced between April 1, 2012, and July 17, 2014. The plaintiff appeals.
"It is a fundamental principle in civil litigation that '[t]here shall be full disclosure of all matter material and necessary in the prosecution or defense of an action'" (Slapo v Winthrop Univ. Hosp., 186 AD3d 1281, 1282, quoting CPLR 3101[a]). However, a "'party is not entitled to unlimited, uncontrolled, unfettered disclosure, and the supervision of discovery is generally left to the trial court's broad discretion'" (Knoll v L & M Spring Val., LLC, 204 AD3d 899, 900, quoting Aalco Transp. & Stor., Inc. v DeGuara, 140 AD3d 807, 807; see Orange & Rockland Utils., Inc. v County of Rockland, 206 AD3d 668, 668). "'[P]ursuant to CPLR 3103(a), the Supreme Court may issue a protective order precluding disclosure that is palpably improper in that it seeks irrelevant and/or confidential information, or is overly broad and burdensome" (Venables v Rovegno, 195 AD3d 876, 879, quoting Arch Ins. Co. v Delric Constr. Co., Inc., 174 AD3d 560, 561). "'The supervision of disclosure and the setting of reasonable terms and conditions therefor rests within the sound discretion of the trial court and, absent an improvident exercise of that discretion, its determination will not be disturbed'" (Venables v Rovegno, 195 AD3d at 879, quoting Berkowitz v 29 Woodmere Blvd. Owners', Inc., 135 AD3d 798, 799 [internal quotation marks omitted]).
Here, the Supreme Court providently exercised its discretion in issuing a protective order limiting the scope of subpoenas the plaintiff may serve on MetLife, Empire, and other nonparty insurance and leasing companies, since the prior subpoenas served by the plaintiff sought documents relating to actions filed by the Geller Law Group since April 1, 2012, "to present," and were overbroad (see Orange & Rockland Utils., Inc. v County of Rockland, 206 AD3d at 669; Jet One Group, Inc. v Halcyon Jet Holdings, Inc., 111 AD3d 890, 892; cf. Matter of Cheryl LaBella Hoppenstein 2005 Trust, 186 AD3d 1230, 1233). However, the court should not have limited the scope of subpoenas the plaintiff may serve to actions commenced between April 1, 2012, and July 17, 2014. Rather, based on the language of the agreement and the parties' submissions at this stage of the proceedings, the subpoenas should be limited to actions commenced between April 1, 2012, [*3]and August 16, 2014 (see CPLR 3101[a]; Morrow v Gallagher, 163 AD3d 804, 805).
Contrary to the plaintiff's contention, the protective order otherwise limits the scope of the subpoenas only to the extent indicated therein.
The plaintiff's remaining contention is without merit.
CHAMBERS, J.P., FORD, DOWLING and LANDICINO, JJ., concur.
ENTER:
Darrell M. Joseph
Acting Clerk of the Court